[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2008
THOMAS K. KAHN
CLERK

No. 07-12152
Non-Argument Calendar
————————————————

BIA No. A95-355-757

ALEXANDRE HILARIO DESA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
————————————————

**(January 15, 2008)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Alexander Hilario DeSa, proceeding <u>pro se</u>, petitions this Court to review an order of the Board of Immigration Appeals ("BIA") denying DeSa's motion to reconsider its previous order dismissing his appeal from the Immigration Judge's

("IJ") decision denying his motion to reopen his removal proceedings.[1] We review the denial of a motion to reconsider for an abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). After careful review, we discern no such abuse of the BIA's discretion and, accordingly, affirm the denial of DeSa's motion to reconsider.

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. See Calle, 504 F.3d at 1329 (citation omitted). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)).

Here, the BIA did not abuse its discretion by denying DeSa's motion to reconsider. In the motion, DeSa argued, in relevant part, that the BIA erred in its

---

[1] Our review is limited to the BIA's April 24, 2007 order denying DeSa's motion to reconsider. Although DeSa raises arguments concerning the IJ's order denying his motion to reopen his case and the BIA's order dismissing his appeal of the IJ's decision, DeSa never timely petitioned this Court for review of those orders. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (providing that petitions for review of removal orders be filed within 30 days of the order); see Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005) (observing that the filing of a motion to reconsider does not affect the finality of the underlying order or toll the 30-day period for petitioning for review of such order). As a result, we lack jurisdiction to review those orders. Dakane v. U.S. Atty' Gen., 399 F.3d 1269, 1272 n. 3 (11th Cir. 2005) (time limits for judicial review are mandatory and jurisdictional and are not tolled by the filing of a motion to reopen or for reconsideration).

2

dismissal order by failing to examine all of DeSa's proffered reasons for missing his removal hearing before the IJ, including that he never received two notices of the hearing, and that he had changed addresses and timely notified the IJ of his new address. Contrary to this argument, in its dismissal order, the BIA specifically considered and rejected DeSa's argument that he provided a change-of-address form to the immigration court and missed the hearing through no fault of his own. Moreover, the remainder of his arguments in the motion to reconsider "offered nothing more than reiteration of [his] assertions in [his] motion to reopen." Calle, 504 F.3d at 1331. Therefore, he did not "adequately specify errors of fact or law in the BIA's denial of [his] motion to reopen." Id. (citing 8 C.F.R. § 1003.2(b)(1)). As a result, the BIA did not abuse its discretion in finding no error of fact or law in its previous order dismissing DeSa's appeal.

**PETITION DENIED.**