[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14672

_____

BIA Nos.
A95-553-292 & A95-553-293

BEATRIZ HELENA CALLE,
OCTAVIO ALBERTO MOLINA ARANGO, et al.

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 23, 2007)**

Before DUBINA and  MARCUS, Circuit Judges, and COOGLER,* District Judge.

_____

*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

DUBINA, Circuit Judge:

Beatriz Helena Calle ("Calle"), on behalf of herself, her husband, and her two children, petitions this court for review of the Board of Immigration Appeals' ("BIA") denial of her motion for reconsideration of the BIA's denial of her motion to reopen. The BIA denied Calle's motion to reconsider as numerically barred under 8 C.F.R. § 1003.2(b)(2). For the reasons set forth more fully below, we deny the petition for review.

## I. BACKGROUND

Calle, her husband, and their two children, all natives and citizens of Colombia, entered the United States as visitors for pleasure. All remained beyond their authorized dates, and, in July 2002, the former Immigration and Naturalization Service ("INS")[1] served them with notices to appear, charging them with removability pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

Calle filed an application for asylum and withholding of removal under the INA §§ 208, 241, and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). In her application, Calle indicated that

---

[1]Congress abolished the INS on March 1, 2003, and replaced it with the Department of Homeland Security. *See* Homeland Security Act, Pub. L. No. 107-296, 116 Stat. 2135 (2002).

she sought relief based on the persecution she suffered from the Revolutionary Armed Forces of Colombia ("FARC") due to her political opinion and membership in a particular social group. After holding a removal hearing, the immigration judge ("IJ") dismissed Calle's application for asylum as untimely without a showing of extraordinary circumstances and denied her applications for withholding of removal and CAT relief on the merits. Calle appealed the IJ's decision to the BIA, arguing that the IJ failed to consider or properly weigh the evidence, including information regarding the country conditions in Colombia. *See* 8 C.F.R. § 208.16(c). The BIA adopted and affirmed the IJ's decision, including the IJ's finding that neither extraordinary nor changed circumstances excused the untimely filing.

Calle thereafter moved the BIA to reconsider its decision, maintaining that the BIA had not considered all of the evidence in her case nor the current conditions in Colombia. She also argued that the changed conditions in Colombia served as exceptional circumstances for her late filing of her asylum application. The BIA denied Calle's motion for reconsideration, finding that Calle had presented only "a general statement regarding deteriorating conditions, and [had] not supported [that] statement with any evidence." (R. Vol. 1 p. 59.)

Calle next filed with the BIA a motion to reopen its denial of her motion for reconsideration, and she also filed a motion for stay of deportation. Calle argued

3

that her motion to reopen was based on changed country conditions. She asserted that she was a target of the FARC, and that the FARC's terrorism throughout Colombia had continued and intensified. In support of her motion to reopen, Calle submitted the following evidence: (1) a police report that Calle filed in March 2002 alleging the felony of illegal constraint; (2) a letter from her brother attesting to the terrorism caused by the FARC in Colombia; (3) a June 2005 article from BBC News detailing a FARC attack on Colombian troops and indicating that the FARC was still a strong guerrilla army; (4) untranslated consolation cards; (5) a September 2005 BBC News article indicating that the FARC would remain strong despite a new Colombian law; (6) an October 2005 BBC News article detailing a rebel attack on a Colombian town; (7) a January 2006 article from the Toronto Star detailing a clash between the FARC and the Colombian Army; (8) an April 2005 Human Rights Watch article explaining that the FARC had been ordered to cease its use of gas cylinder bombs; (9) a July 2005 Miami Herald article indicating that the FARC was involved in all aspects of Colombian life, including politics, kidnaping, and drug and weapons trafficking, and that the FARC was involved in international relations; and (10) a copy of an I-130 petition for alien relative that Calle's sister, a United States citizen, filed on Calle's behalf.

The BIA denied Calle's motion to reopen, finding that she failed to establish a *prima facie* case of eligibility for asylum based upon changed country conditions.

The BIA did not consider the consolation cards that Calle submitted as evidence because those cards were not translated. The BIA further found that the police report and consolation cards were not new or previously unavailable, as required for a motion to reopen under 8 C.F.R. § 1003.2(c). The BIA also determined that Calle's remaining evidence showed that Colombia remained "a country filled with civil strife and general conditions of lawlessness despite the peace accords," but that the evidence was not enough to warrant reopening Calle's proceedings. (R. Vol. 1 p. 25.)

Calle then filed a "motion to reconsider denial of motion to reopen." Calle argued that the BIA improperly failed to consider the danger in Colombia that she would face if forced to return. She maintained that her evidence showed changed country conditions that put her life in more danger. Calle also submitted translated copies of the condolence cards, which offered sympathy for the loss of Calle herself and her son. She additionally submitted three news articles: (1) a 2006 CNN.com article indicating that the FARC had declared war on a smaller guerrilla group; (2) a May 2006 VOA News article explaining that the Colombian president blamed the FARC for an attack on an electoral office; and (3) a 2005 article from a Russian news source detailing the FARC's killing of police officers.

The BIA denied Calle's motion to reconsider on the grounds that it was numerically barred under 8 C.F.R. § 1003.2(b)(2) because Calle previously filed a

motion to reconsider in the same proceedings. The BIA found that, "[t]he regulations provide that motions to reconsider shall be limited to one motion to reconsider in any case previously the subject of a final decision by the [BIA]." (R. Vol. 1 p. 2.)

Calle argues before this court that the BIA abused its discretion in denying as numerically barred her motion to reconsider the denial of her motion to reopen. Calle contends that the instant motion to reconsider was a new motion requesting the BIA to reconsider its denial of her motion to reopen, as opposed to her first motion to reconsider requesting that the BIA reconsider its order affirming the IJ's initial determination of removability. Thus, she maintains that the instant motion to reconsider was *not* a second motion to reconsider the underlying decision to deny her applications for asylum and withholding of removal.

## II. STANDARD OF REVIEW

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Assa'ad v. U. S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003).

## III. DISCUSSION

According to the regulations governing numerical limits on motions to reconsider:

> A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider. In removal proceedings pursuant to section 240 of the

6

[INA], an alien may file only one motion to reconsider a decision that the alien is removable from the United States.

8 C.F.R. § 1003.2(b)(2).

Calle filed her original motion to reconsider seeking reconsideration of the BIA's affirmance of the IJ's initial removability determination. Thereafter, Calle filed a motion to reopen based upon changed country conditions. Calle's next motion to reconsider requested the BIA's reconsideration of its order denying Calle's motion to reopen. The BIA found this motion to reconsider numerically barred. The BIA stated that "[t]he regulations provide that motions to reconsider shall be limited to one motion to reconsider in any case previously the subject of a final decision by the [BIA]." (R. Vol. 1 p. 25.)

The BIA's interpretation of the regulation is broad and extends the language beyond its plain meaning. The plain language of § 1003.2(b)(2) does not explicitly prohibit such a filing. In fact, the regulation provides that, where an alien is in removal proceedings pursuant to INA § 240, which proceedings the INS initiated against Calle, "an alien may file only one motion to reconsider *a decision that the alien is removable from the United States*." 8 C.F.R. § 1003.2(b)(2) (emphasis added). The regulation does not provide that an alien may file only one motion to reconsider throughout her entire proceedings. To the contrary, the regulation's use of the singular terms "a decision" and "any given decision" suggests that an alien

7

may file a motion to reconsider as to *each decision* by the BIA that an alien is removable.  Under the language of the regulation, then, we conclude that Calle's motion to reconsider the BIA's denial of her motion to reopen was not numerically barred because it was the first motion to reconsider that BIA decision.

As to the merits of her motion to reconsider, Calle also argues that her motion to reopen, and her instant motion to reconsider, provided sufficient evidence to demonstrate changed country conditions that would have affected her applications for relief.  "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority."  8 C.F.R. § 1003.2(b)(1).  However, "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir.2004).  Therefore, merely reiterating arguments previously presented to the BIA does not constitute "specifying . . errors of fact or law" as required for a successful motion to reconsider.  *See* 8 C.F.R. § 1003.2(b)(1).

Here, the BIA made no determination as to whether Calle's motion to reconsider alleged errors of fact or law that the BIA committed in denying her motion to reopen; rather, the BIA only dismissed Calle's motion as numerically barred.  The Government nonetheless argues that Calle's motion to reconsider

8

failed on the merits because her claim that the BIA did not consider the evidence she submitted in support of her motion to reopen was not supported by the record. Because the BIA did not address the merits of Calle's motion to reconsider, we must determine whether we may decide Calle's case on the merits in the first instance, as the Government urges.

The Supreme Court has explained that, in cases on appeal where the BIA has not addressed a particular issue that a petitioner put before it, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 355 (2002) (per curiam) (quotation omitted). In *Ventura*, the BIA affirmed an IJ's denial of asylum on one ground, but did not address the IJ's alternative holding that improved country conditions were such that no realistic threat of persecution remained. *Id.* at 13, 123 S. Ct. at 354. On appeal, the Ninth Circuit nonetheless addressed the merits of the country conditions issue without remand to the BIA. *Id.* at 14, 123 S. Ct. at 354. The Supreme Court reversed, holding that the Ninth Circuit "should have applied the ordinary 'remand' rule" because the BIA had "not yet considered the 'changed circumstances' issue." *Id.* at 17-18, 123 S. Ct. at 355-56. The Supreme Court noted that the country report was ambiguous about the evidence to be considered and that remand could lead to the presentation of further evidence of current conditions, given that five years had elapsed since the report

9

was written.  *Id.* at 17, 123 S. Ct. at 356.

Similarly, in *Gonzales v. Thomas*, 547 U.S. 183, 126 S. Ct. 1613 (2006) (per curiam), the Supreme Court held that the Ninth Circuit erroneously determined an alternative issue not reached by the BIA rather than remanding to the BIA.  *Id.* at 186-87, 126 S. Ct. at 1614-15.  In so holding, the Court noted that it could "find no special circumstance here that might have justified the Ninth Circuit's determination of the matter in the first instance."  *Id.* at 187, 126 S. Ct. at 1615.

This court has not addressed the applicability of the "rare circumstances" exception to the "ordinary 'remand' rule" in a factual scenario such as the one presented in this case.[2]  Recently, the Fourth Circuit faced the issue of whether the BIA erred in denying a petitioner's motion to reopen and disposing of his motion to remand without explicitly addressing the motion to remand.  *Hussain v. Gonzales*, 477 F.3d 153, 155 (4th Cir. 2007).  The court determined that the BIA had erred in failing to address Hussain's motion to remand, which motion Hussain argued was necessary because he was eligible for an adjustment of status, but the court nonetheless denied Hussain's petition for review.  *Id.* at 155-56.  The court determined that Hussain's case fit within the exception to the "ordinary 'remand' rule" because Hussain's case involved a legal question, as opposed to the factual

---

[2]*See Hussain v. U.S. Att'y Gen.*, 229 Fed. Appx. 861, 865 n.5 (finding that case presented a "rare instance" when remand was unnecessary because petitioner admitted that he would not be entitled to relief if the matter were remanded to the BIA).

10

questions that were at issue in *Ventura* and *Thomas*. *Id.* at 157. The court then

determined that Hussain was ineligible for relief because he could not establish a

*prima facie* case for the adjustment of his status, "a legal, not a factual,

conclusion." *Id.* at 158. The court therefore held that, "[b]ecause the result of a

remand to the Board is a foregone conclusion such that remand would amount to

nothing more than a mere formality, we find that the *Ventura* 'rare circumstances'

exception applies." *Id.*[3]

Calle's case presents "rare circumstances" such that remand is unnecessary.

---

[3]Other circuits have determined that *Ventura* does not require automatic remand at the finding of an error by the BIA. *See, e.g., Ghebremedhin v. Ashcroft*, 392 F.3d 241, 242-43 (7th Cir.2004) (stating that it is not usurping the BIA's fact-finding role by reversing the IJ's eligibility determination instead of remanding to the BIA because the determination is contrary to the law); *Almaghzar v. Gonzales*, 457 F.3d 915, 923 n.11 (9th Cir. 2006) (concluding that the BIA had decided the merits of the petitioner's CAT claim and determining that neither *Ventura* nor *Thomas* require the circuit courts to "remand an issue to the agency when the agency has already considered the issue," the court deferred to the BIA's finding and denied the petition for review), *cert. denied*, 127 S. Ct. 1839 (2007); *Zhao v. Gonzales*, 404 F.3d 295, 305, 310-11 (5th Cir.2005) (granting the petition for review and remanding to the BIA as to the BIA's denial of the petitioner's asylum application and motion to reopen, but refusing to remand as to the question of persecution because the BIA had already decided the issue).

In this case, unlike *Ventura* and *Thomas*, and like *Hussain*, the undecided issue is legal, not factual. Moreover, unlike *Hussain*, the legal issue in this case is procedural. The issue the BIA avoided with its numerical-bar holding was whether Calle specified "errors of fact or law in the prior [BIA] decision" and supported the motion with pertinent authority. 8 C.F.R. § 1003.2(b)(1). Deciding whether Calle met those requirements is not an inquiry upon which the BIA could "bring its expertise to bear . . . evaluate the evidence . . . make an initial determination [and, thereby] help a court later determine whether its decision exceeds the leeway that the law provides." *Thomas*, 547 U.S. at 186-87, 126 S. Ct. at 1615 (quoting *Ventura*, 537 U.S. at 17, 123 S. Ct. at 353). It is rather an objective, procedural inquiry: she either specified errors and supported them with pertinent authority, or she did not. Thus, in these "rare circumstances," we feel comfortable deciding the issue left unresolved by the BIA in the first instance.

In her motion to reconsider the BIA's denial of her motion to reopen, Calle argued that the evidence she submitted in support of her motion to reopen established that there were changed country conditions that would put her life in danger in Colombia. She also submitted translated copies of the consolation cards and three news articles that described the FARC's presence in Colombia. However, her arguments offered nothing more that reiteration of her assertions in her motion to reopen. These were issues the BIA already had considered.

12

Moreover, the consolation cards were not linked in any way to the FARC's presence in Colombia or its prosecution of Calle, nor did her three news articles offer any further evidence than that already presented in Calle's numerous articles that she submitted in support of her motion to reopen. Accordingly, Calle did not adequately specify errors of fact or law in the BIA's denial of Calle's motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

Despite the BIA's erroneous determination that Calle's motion to reconsider the BIA's denial of her motion to reopen was numerically barred, we deny Calle's petition for review because her arguments in her motion to reconsider are meritless.

**PETITION FOR REVIEW DENIED.**

13