[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14718
Non-Argument Calendar

_____

Agency Nos. A97-937-342
A97-937-319

ALFREDO FELIPE CORTES,
YTALA ADELA VILLAFUERTE,
CARLOS XAVIER CORTES,
MAYRA ALEJANDRA CORTES,
ANA GABRIELA CORTES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 10, 2009)

Before EDMONDSON, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Alfredo Felipe Cortes, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion for reconsideration.[*] The BIA previously had dismissed Cortes's appeal of the immigration judge's ("IJ") decision denying asylum, withholding of removal, and relief under the U.N. Convention Against Torture. No reversible error has been shown; we deny the petition.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. Calle v. U.S. Attorney Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). Appellate review of the denial of discretionary relief "is limited to determining whether there has been an exercise of administrative discretion and whether the [manner] of exercise has been arbitrary or capricious." See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation omitted) (in the context of a motion to reopen). A motion to reconsider shall specify "the errors of fact or law" in the previous order and "shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

Cortes, a retired colonel in the Peruvian Air Force, sought asylum based on the alleged persecution he suffered at the hands of the Shining Path guerilla.

---

[*]Cortes's wife and three children are derivatives on his asylum application; so, our decision about Cortes also applies to them.

2

Among other things, he alleged that (1) in 1990, he helped aid in the military rescue mission of his great-aunt, who was a political activist opposed to the Shining Path; (2) because he helped in his great-aunt's rescue mission, the Shining Path placed his name on an assassination list; (3) in 1996, his great-aunt was assassinated by the Shining Path; (4) he received several telephonic threats from the Shining Path in 1990, 1996, 2002, and 2003; and (5) in April 2003, while he was driving with his wife and daughter, five men who Cortes believed to be from the Shining Path tried to intercept his vehicle and made what he characterized as an unsuccessful attempt on his life. The BIA affirmed the IJ's denial of relief because the incidents alleged by Cortes did not constitute past persecution.

In his motion for reconsideration of the BIA's order, Cortes argued that the BIA did not consider the alleged events in the aggregate and incorrectly applied prior precedent about what constitutes past persecution. The BIA denied the motion, concluding that Cortes failed to identify a material error of fact or law in its prior decision. The BIA distinguished the cases cited by Cortes in support of his argument that the BIA did not correctly apply precedent. On appeal, Cortes argues that the BIA abused its discretion in denying reconsideration because it failed to weigh properly the facts of his case as a whole and failed to apply properly case precedent.

We see no abuse of discretion on this record. To the extent that Cortes

argued in his reconsideration motion that the BIA should have weighed certain facts differently than it did, he only reargued facts that the BIA already had considered. This argument is insufficient to support a motion to reconsider. See Calle, 504 F.3d at 1329 (a motion that merely reargues facts that were presented previously to the BIA is insufficient to show factual error).

And Cortes established no legal error by the BIA. That the BIA considered the events cumulatively -- as required by precedent -- is clear from its order affirming the denial of relief. See Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir. 2007). And in denying reconsideration, the BIA concluded correctly that Cortes's case did not involve the extreme incidents of a shooting, a mock shooting coupled with a severe beating, repeated physical assaults, and kidnaping coupled with repeated minor assaults like the cases cited by Cortes in his reconsideration motion. See, e.g., Mejia v. U.S. Attorney Gen., 498 F.3d 1253, 1257-58 (11th Cir. 2007) (petitioner established past persecution when he proved that he repeatedly had been threatened over 18 months and physically attacked twice); Sanchez Jiminez v. U.S. Attorney Gen., 492 F.3d 1223, 1233 (11th Cir. 2007) ("intentionally being shot at in a moving car" because of a protected ground constitutes persecution). As the BIA noted, Cortes never was physically harmed or detained by the Shining Path in Peru.

The BIA abused no discretion in denying Cortes's motion to reconsider

4

because Cortes failed to allege sufficient errors of fact or law to support his motion.

     AFFIRMED.