[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10714
Non-Argument Calendar

_____

Agency No. A098-318-146

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2009
THOMAS K. KAHN
CLERK

JORGE ALBERTO CARDONA MONTOYA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 19, 2009)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Jorge A. Cardona Montoya ("Cardona") petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its prior order denying his motion to reopen his asylum proceedings based on changed country conditions. After review, we deny the petition for review.

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also 8 U.S.C. § 1229a(c)(6)(C), INA § 240(c)(6)(C). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)) (alteration in original).[1]

Here, the BIA did not abuse its discretion in denying Cardona's motion to reconsider because Cardona did not identify any errors of fact or law in the prior BIA decision denying his motion to reopen. The BIA concluded that Cardona's

_____

[1]We review the BIA's denial of a motion to reconsider for an abuse of discretion. Calle, 504 F.3d at 1328.

2

motion to reopen failed to present evidence that was both material and previously unavailable. See 8 C.F.R. § 1003.2(c)(1) (stating a motion to reopen shall not be granted unless the movant presents evidence that is "material and was not available and could not have been discovered or presented at the former hearing"); see also 8 U.S.C. § 1229a(c)(7)(C)(ii), INA § 240(c)(7)(C)(ii).[2]

Cardona's motion for reconsideration did not point to any errors in the BIA's conclusion. Rather, Cardona repeated his fears about returning to Colombia and argued that the evidence he submitted with his motion to reopen was sufficient to show changed country conditions. In other words, Cardona reiterated arguments he had presented unsuccessfully in his motion to reopen. Cardona's argument that his motion to reconsider should have been granted because his motion to reopen established a prima facie case for asylum is without merit. The BIA has the discretion to deny either a motion to reopen or a motion to reconsider "'even if the party moving has made out a prima facie case for relief.'"

---

[2]For example, in its order denying the motion to reopen, the BIA noted that many of the documents Cardona submitted to support his motion to reopen pre-dated his asylum hearing and that Cardona did not explain why they were not previously available. Also, the affidavit Cardona submitted related to activities he undertook in Colombia between 1995 and 1998 and addressed events already described by Cardona at his asylum hearing. The email from Cardona's wife merely provided additional evidence of telephone threats that the IJ already had determined were inadequate grounds for relief. The news articles Cardona submitted documenting persecution of farmers and legislators in Colombia after his asylum hearing were not material to Cardona's allegations, as he was neither a farmer nor a legislator.

3

<u>Anin v. Reno</u>, 188 F.3d 1273, 1279 (11th Cir. 1999) (quoting 8 C.F.R. § 3.2(a)

(1999) now codified at 8 C.F.R. § 1003.2(a)).

Because Cardona failed to identify errors of law or fact in the BIA's order

denying his motion to reopen, the BIA did not abuse its discretion in denying his

motion to reconsider the denial of his motion to reopen.[3]

**PETITION DENIED.**

---

[3]Because we conclude that the BIA properly denied Cardona's motion to reconsider on the merits, we do not address the BIA's alternative basis for denying the motion as numerically barred.