[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10328
Non-Argument Calendar

_____

Agency No. A098-736-431

MARIA CLAUDIA FLOREZ ORDONEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 28, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Claudia Florez Ordonez, a citizen of Colombia, petitions for review of the Board of Immigration Appeals' (BIA's) denial of her motion to reconsider, 8 C.F.R. § 1003.2(b)(1). We review the denial of a motion to reconsider for abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). After the BIA has affirmed an IJ's order of removal, an alien may seek reconsideration on the ground that the BIA has made a legal or factual error. 8 U.S.C. §1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that merely restates the arguments the BIA previously rejected provides no reason for the BIA to change its prior decision. *See Calle*, 504 F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id.* (citing 8 C.F.R. § 1003.2(b)(1)).

Florez merely reiterates her previous arguments the BIA considered. She does not specify any "errors of fact or law" that would necessitate the granting of her motion. *See* 8 C.F.R. § 1003.2(b)(1). Accordingly, the BIA did not abuse its discretion by denying Florez's motion to reconsider, and we deny this portion of her petition. *See Calle*, 504 F.3d at 1329.

Additionally, we lack jurisdiction to review Florez's underlying motion to reopen. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). The BIA denied Florez's motion to reopen on September 15, 2008. On October 15, 2008, she filed a motion to reconsider with the BIA, and, on January 22, 2009, petitioned this Court for review of the BIA's December 23, 2008 order denying the motion to reconsider. The filing of a motion to reconsider "does not toll the time to petition for review." *Stone v. INS*, 115 S. Ct. 1537, 1544 (1995). Therefore, we dismiss Florez's petition to the extent she attacks the BIA's findings denying the underlying motion to reopen.

**PETITION DENIED as to the Motion to Reconsider, and DISMISSED as to the Motion to Reopen.**