[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 29, 2009
THOMAS K. KAHN
CLERK

No. 08-15977
Non-Argument Calendar

_____

Agency No. A098-739-828

CLEMAT LOUIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 29, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Clemat Louis, proceeding pro se, petitions for review of the Board of

Immigration Appeals' (BIA) final order denying his Motion to Reopen/Reconsider. In that motion, Louis asked the BIA to reconsider its prior order affirming the immigration judge's (IJ) order denying his claims for asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Louis contends that the BIA's application of the tests for past persecution and a well-founded fear of future persecution was an abuse of discretion. He also argues that the BIA failed to give a sufficient explanation for denying his motion for reconsideration.

We review BIA denials of motions to reopen and motions for reconsideration for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006); Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). An alien may file one motion to reopen his removal proceedings, in which he must state new facts to be proven at a hearing if his motion is granted. 8 U.S.C. § 1229a(c)(7)(A), (B). Motions to reopen may be granted if there is new evidence that is material and could not have been discovered or presented at the removal hearing. See 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3).

Within thirty days after the entry of a final order of removal, an alien may file one motion for reconsideration of the removal decision. 8 U.S.C. § 1229a(c)(6)(A), (B). The motion must specify "errors of law or fact in the

2

previous order" supported by pertinent authority. Id. § 1229a(c)(6)(C). "[M]erely reiterating arguments previously presented to the BIA does not constitute specifying errors of fact or law as required for a successful motion to reconsider." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (alteration and quotation marks omitted).

Because Louis did not identify any new facts or evidence in his motion, the BIA properly treated it as a motion for reconsideration instead of a motion to reopen. And as the BIA adequately explained in its order denying the motion for reconsideration, Louis merely reiterated in that motion the arguments he had previously presented to the BIA in his appeal from the IJ's order. Louis did not specify any errors of law or fact made by the BIA in its previous decision affirming the IJ's order. Thus the BIA did not abuse its discretion in denying Louis' motion for reconsideration.

**PETITION DENIED.**