[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14333
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

Agency Nos. A097-209-539, A097-209-540

LUIS CARLOS ARTEAGA,
MATILDE SUAREZ,
CARLOS ANDRES ARTEAGA,
LUIS JOSE ARTEAGA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 21, 2010)

Before BIRCH, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Carlos Arteaga and his wife, along with their two sons petition this Court for review of the Board of Immigration Appeals' ("BIA") final order denying their motion to reconsider its previous decision denying their motion to reopen the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231, and protection under the United Nations Convention Against Torture, and other Cruel, Inhuman, and Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). After review, we DENY the petition.

## I. BACKGROUND

Arteaga and his wife are natives and citizens of Colombia and their two sons are natives and citizens of Venezuela. Administrative Record ("AR") at 259, 279, 299, 319. Arteaga and his family were admitted to the United States on 12 July 2002, as non-immigrant visitors with authorization to remain until 11 January 2003. *Id.* In June 2003, Arteaga filed an application for asylum, withholding of removal, and CAT relief, listing his wife and children as derivative applicants. *Id.* at 233-44. Arteaga stated in his application that he and his wife were residents of Venezuela before coming to the United States and that he and his family would be killed or tortured by FARC guerillas if returned to Colombia. *Id.* at 237-39, 243-44.

On 26 November 2003, the Department of Homeland Security served Arteaga, his wife, and both of their children with Notices to Appear ("NTA"), charging them with removability pursuant to § 237(a)(1)(B) of the INA. *Id.* at 259-60, 279-80, 299-300, 319-20. Arteaga admitted the allegations in the NTA and conceded removability. *Id.* at 126. After a hearing on the merits, the IJ denied Arteaga's application for asylum, withholding of removal, and CAT relief. *Id.* at 103-08.

The BIA dismissed Arteaga's appeal from the IJ's order, and we dismissed his petition for review in this Court. In August 2008, Arteaga filed a motion with the BIA to reopen his asylum proceedings based on changed circumstances in Colombia. *Id.* at 21-27. Arteaga asserted that he was still targeted by the FARC and that he would be persecuted if returned. *Id.* at 23. On 27 January 2009, the BIA denied Arteaga's motion to reopen. *Id.* at 15. The BIA explained that although Arteaga's evidence post-dated his removal hearing, it was very similar to the evidence Arteaga presented to the IJ during his removal proceedings. *Id.* The BIA thus determined that Arteaga had not provided sufficient evidence of changed circumstances to warrant reopening his asylum application. *Id.*

Arteaga did not seek a petition for review in this Court, but instead filed a motion to reconsider with the BIA in February 2009, stating that he "disagreed" with the BIA's denial of his motion to reopen. *Id.* at 8-12. He argued that he had

submitted evidence with his motion to reopen demonstrating the severity of the FARC's threats against him, and urged the BIA to reconsider that evidence. *Id.*

The BIA denied Arteaga's motion to reconsider, finding that Arteaga's evidence that the FARC "still" wanted to harm him did not reflect changed circumstances in Colombia since the time of his removal proceedings. *Id.* at 3. The BIA also noted that Arteaga's motion to reopen had been untimely filed. *Id.* The BIA reasoned that, because Arteaga had not submitted material evidence demonstrating changed circumstances in Colombia, his motion was subject to the filing deadline. Because it did not err in denying Arteaga's motion to reopen, the BIA concluded that reconsideration was not warranted. *Id.* Arteaga then filed the instant petition for review of the BIA's order denying his motion for reconsideration.

## II. DISCUSSION

Arteaga did not file a petition for review of the BIA's 27 January 2009 denial of his motion to reopen, but instead filed a motion to reconsider in February 2009, which the BIA denied. We therefore lack jurisdiction to decide the merits of Arteaga's motion to reopen and may decide only whether the BIA abused its discretion in denying the motion to reconsider.[1] *See* INA § 242(b)(1), 8 U.S.C.

---

[1] On appeal, Arteaga argues only that the BIA erred in denying his motion to reopen, and has thus abandoned any challenge to the BIA's denial of his motion to consider. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that issues on which an

4

§ 1252(b)(1) (2010) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (review of the BIA's denial of a motion to reconsider is for abuse of discretion).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1) (2010); *see also* INA § 240(c)(6)(C); 8 U.S.C. § 1229a(c)(6)(C) (2010). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. *See Calle*, 504 F.3d at 1329-31. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id.* at 1329 (citing 8 C.F.R. § 1003.2(b)(1)).

In his motion to reconsider, Arteaga failed to identify any errors of fact or law in the BIA's prior decision denying his motion to reopen. Instead, he merely expressed his "disagreement" with the BIA's denial of his motion to reopen, and asked the BIA to reconsider the evidence he had previously submitted in support of his motion to reopen. This was insufficient to warrant reconsideration. *See id.* at

appellant fails to offer any argument are deemed abandoned). Because Arteaga is proceeding *pro se*, however, we will address whether the BIA abused its discretion in denying the motion to reconsider.

1330-31.  Because the BIA's decision to deny Argeata's motion to reconsider was neither arbitrary nor capricious, we DENY the petition for review.

**PETITION DENIED**.