[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15823
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2010
JOHN LEY
CLERK

Agency No. A096-292-480


MAHENDRA SUGIARTO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 7, 2010)

Before EDMONDSON, BLACK, and PRYOR, Circuit Judges.


PER CURIAM:

Mahendra Sugiarto, a native and citizen of Indonesia proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion for reconsideration. The BIA previously had dismissed Sugiarto's appeal of the immigration judge's ("IJ") decision denying him asylum, withholding of removal, and relief under the U.N. Convention Against Torture ("CAT"). No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. Calle v. U.S. Attorney Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). Appellate review of the denial of discretionary relief "is limited to determining whether there has been an exercise of administrative discretion and whether the [manner] of exercise has been arbitrary or capricious." See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation omitted) (in the context of a motion to reopen). A motion to reconsider shall specify "the errors of fact or law" in the previous order and "shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

Sugiarto originally sought asylum based on his Christian religion and the persecution he suffered at the hands of extremist Muslim groups in Indonesia. But later, Sugiarto filed an amended asylum application alleging that he suffered

2

persecution in Indonesia because he was a homosexual.[*]  The IJ concluded that

Sugiarto's asylum application was time-barred and frivolous.  The IJ also

concluded that Sugiarto was not credible and failed to meet the substantive burden

for asylum, and thus, failed to meet the higher burden of proof required for

withholding of removal and CAT relief.  The BIA agreed with the IJ's frivolity and

untimeliness determinations and also concluded that, substantively, Sugiarto made

no claim for relief because of "the absence of credible testimony in support of his

claim."

In his motion to reconsider, Sugiarto argued that the BIA applied incorrect

legal standards because the dismissal of his asylum claim as frivolous and time-

barred provided insufficient reasons for dismissing his claims for withholding of

removal and CAT relief.  Sugiarto also argued that the adverse credibility

determination was unsupported and that the BIA failed to address his claim about

belonging to a particular social group that was subject to a pattern or practice of

persecution in Indonesia.  The BIA denied reconsideration, concluding that it

---

[*]About his first asylum proceeding, the IJ ordered Sugiarto removed after he failed to appear at his asylum hearing.  But later, Sugiarto obtained counsel and counsel moved to reopen his removal proceedings because Sugiarto had received ineffective assistance from the Chinese-Indonesian American Society in preparing his application.  The IJ granted Sugiarto's motion and reopened his removal proceedings.

applied the correct legal standards, properly considered Sugiarto's claims, and that no clear error existed in the IJ's adverse credibility determination.

On appeal, Sugiarto challenges determinations from the BIA's original removal order, including that his asylum application was frivolous and that he was not credible. But, as the government argues, we lack jurisdiction over these claims because Sugiarto did not file a timely petition for review of the BIA's final decision of removal. See 8 U.S.C. § 1252(b)(1) (a petition for review from a final order of removal "must be filed not later than 30 days after the date of the final order of removal"); Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005) (the filing of a motion to reconsider does not affect the finality of the underlying order). So, we dismiss the petition for review on these claims.

Sugiarto also repeats his argument that the BIA incorrectly denied him withholding of removal and CAT relief because his asylum claim was time-barred and frivolous. But Sugiarto misinterprets the BIA's decision: the BIA made a separate merits determination -- independent of the frivolity and untimeliness findings -- that Sugiarto did not meet his burden of proof for withholding of removal and CAT relief. Because the BIA concluded that Sugiarto's claims were not credible and he did not meet his burden of proof, it was unnecessary for the BIA to analyze whether he belonged to a particular social group.

4

The BIA abused no discretion in denying Sugiarto's motion to reconsider because Sugiarto failed to allege sufficient errors of fact or law to support his motion.

PETITION DISMISSED IN PART, DENIED IN PART.