[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11881
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2010
JOHN LEY
CLERK

Agency No. A095-709-779

CHE HO YEP,
a.k.a. Qi He Ye,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 28, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Che Ho Yep, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") final order of removal and denying Yep's application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). On appeal, Yep asserts that the BIA erred as a matter of law when it concluded that he had not established a well-founded fear of future persecution in China based on his practice of Falun Gong. Yep also contends that the BIA erred in finding that he had not met his burden of establishing eligibility for withholding of removal. Finally, Yep argues that the BIA erred in concluding that he abandoned his claim for CAT relief. For the reasons set forth below, we deny the petition for review.

I.

In 2005, the Department of Homeland Security issued a Notice to Appear to Yep. The notice alleged that Yep was a native and citizen of China who arrived in the United States on or about March 20, 2005. The notice charged that Yep was removable because he was not in possession of a valid passport, visa, or other travel or entry document. At an initial hearing, Yep admitted the allegations in the Notice to Appear and conceded removability. He also submitted an application for

2

asylum, withholding of removal, and CAT relief.  Yep explained that he feared

persecution in China because he was a member of the Falun Gong movement.

The administrative record included a copy of the State Department's

International Religious Freedom Report for 2008, which explained that Falun

Gong is "a self-described spiritual movement that blends aspects of Taoism,

Buddhism, and the meditation techniques and physical exercises of qigong (a

traditional Chinese exercise discipline), with the teachings of Falun Gong leader

Li Hongzhi."  The Falun Gong movement had approximately 2.1 million adherents

before the Chinese government banned the movement as a "cult."  According to

Falun Gong sources, over 100,000 members of the movement have been detained

since 1999, and many of those individuals have been subjected to abuse and

torture while in custody.  The record also included the State Department's China

Country Reports on Human Rights Practices for 2007 ("2007 Country Report"),

which explained that the Chinese government continued to target members of the

Falun Gong movement for arbitrary arrest and detention.  The United Nations

reported that some Falun Gong members were tortured while in custody.  Leaders

of the movement were singled out for particularly harsh treatment.

At an asylum hearing, Yep testified that he was born in Fujian Province,

China.  He came to the United States in 2005.  Yep explained that he left China

because he was a practitioner of Falun Gong. He first became involved in Falun Gong in 2003 after his father used Falun Gong to relieve arthritis pain. Yep learned Falun Gong techniques from his father, and he also "went outside and learned from the group." Yep decided to leave China after a friend, Dong Chen, was arrested for practicing Falun Gong. Yep explained that Dong Chen's arrest made him afraid that he would be arrested as well and would not be allowed to continue practicing Falun Gong. He testified that it would not be safe for him to return to China because he might be arrested, imprisoned, and beaten.

On cross-examination, Yep acknowledged telling an immigration officer during an airport interview that he did not fear persecution in China and did not know why he was coming to the United States. He explained that he made those statements because he was afraid and did not know how to answer the questions. Yep had never been arrested while living in China. He used to practice his Falun Gong exercises about once a week in the mountains near the village. Yep stated that the leader of Falun Gong is Master Li Hongzhi, and he identified the three core values of the movement as "[t]ruthness, kindness, and tolerance." He explained that the five key exercises were "Buddha showing thousand hands, Falun standing stance exercise, Falun heavenly circulation exercise, penetrating cosmic exercise, strengthening divine power exercise." Yep's father continued to

4

practice Falun Gong in China. His father had never been arrested because he performed the exercises secretly at home.

The IJ issued an oral decision denying Yep's applications for asylum, withholding of removal, and CAT relief. As an initial matter, the IJ concluded that Yep's testimony at the asylum hearing was not credible. The IJ also found that Yep had failed to demonstrate past persecution or a well-founded fear of future persecution. With respect to past persecution, the IJ noted that Yep had never been arrested or interrogated for practicing Falun Gong. In addition, the IJ concluded that Yep's fear of future persecution was not reasonable given his lack of credibility and the fact that he had not suffered past persecution in China. Accordingly, the IJ denied Yep's asylum application. Because Yep was unable to satisfy the standard for asylum, the IJ also determined that he was unable to meet the higher standard for withholding of removal. Finally, the IJ denied Yep's claim for CAT relief because he had not established that it was more likely than not that he would be tortured if he returned to China.

Yep appealed to the BIA, but the BIA dismissed his appeal. The BIA did not adopt the IJ's adverse credibility finding, but it did agree with the IJ's conclusion that Yep had failed to establish past persecution or a well-founded fear of persecution. The BIA observed that Yep did not offer any evidence that the

Chinese government was aware that he practiced Falun Gong, and it concluded that the mere fact that one of Yep's friends was arrested did not mean that Yep himself would be singled out for persecution. In addition, the BIA stated that the Chinese government's persecution of individuals who practice Falun Gong was not so systematic or pervasive as to amount to a pattern or practice of persecution. Because Yep had been unable to establish a well-founded fear of future persecution, the BIA concluded that he also was unable to meet the higher standard for withholding of removal. Finally, the BIA determined that Yep had not offered any "cogent arguments" with respect to his claim for CAT relief, and, therefore, had abandoned that claim.

## II.

In a case where the BIA issues its own opinion, we review only the BIA's decision, except to the extent that the BIA adopts the IJ's reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own opinion and did not expressly adopt the reasoning of the IJ. Therefore, we review only the BIA's opinion.

We review the BIA's factual findings to determine whether they are supported by substantial evidence. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). Under the substantial evidence standard, we "view the

6

record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027. We may reverse the BIA's factual findings only when the record compels a reversal. *Id.*

An alien seeking asylum must demonstrate either that he suffered past persecution, or that he has a well-founded fear of persecution. 8 C.F.R. 208.13(a), (b); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009). To establish past persecution, the alien must show that he previously was persecuted on account of a protected ground. 8 C.F.R. 208.13(b)(1); *Kazemzadeh*, 577 F.3d at 1351. To establish a well-founded fear of future persecution, the alien must show that he has a fear of persecution that is both "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. The alien must demonstrate that he will be singled out for persecution, "or that he is a member of, or is identified with, a group that is subjected to a pattern or practice of persecution." *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008).

We have explained that "[i]nvolvement with Falun Gong in China by itself does not entitle a person to asylum in the United States." *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006). In *Zheng*, the petitioner was arrested by Chinese authorities based on his membership in the Falun Gong movement. *Id.* at 1289. He was detained for five days, was forced to watch and read anti-Falun

Gong materials, and was compelled to stand in the sun for two hours. *Id.* After determining that the petitioner was unable to show past persecution based on his detention, we concluded that the petitioner was also unable to establish a well-founded fear of future persecution. *Id.* at 1290-92. We observed that the petitioner was not a leader in the Falun Gong movement and was able to relocate to a rural village following his detention without further harassment from the authorities. *Id.* at 1291-92.

In this case, substantial evidence supports the BIA's finding that Yep failed to establish a well-founded fear of persecution. Although Yep's friend Dong Chen was arrested for practicing Falun Gong, there is no evidence in the record that the Chinese government is aware that Yep himself practices Falun Gong. Therefore, the record does not compel a finding that Yep would be singled out for persecution if he returns to China. Moreover, even if the authorities were to learn of Yep's involvement in Falun Gong, it is not clear that he would be subjected to mistreatment that rises to the level of persecution. The background information in the record indicates that the Chinese government takes a variety of measures against Falun Gong adherents, ranging from harassment or detention to more serious forms of abuse. However, the 2007 Country Report indicates that the harshest punishments are reserved for Falun Gong leaders, rather than ordinary

practitioners such as Yep. Thus, the record does not compel the conclusion that Yep will be persecuted if his Falun Gong activities are discovered. Accordingly, the BIA's denial of Yep's claim for asylum is supported by substantial evidence.

III.

As noted above, we review the BIA's factual findings under the substantial evidence standard. *See Adefemi*, 386 F.3d at 1026-27. The Supreme Court has explained that, when the BIA has not addressed a particular issue that is necessary to decide an immigration proceeding, a Court of Appeals normally must remand to the BIA for further proceedings rather than addressing that issue in the first instance. *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 355, 154 L.Ed.2d 272 (2002). Nevertheless, the Supreme Court has indicated that a remand might not be necessary in certain rare circumstances. *Id.* at 16, 123 S.Ct. at 355. We have explained that a remand is not needed where "the undecided issue is legal, not factual," such that the agency's superior expertise and fact-finding capabilities would not provide any assistance in resolving the issue. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1330 (11th Cir. 2007).

To qualify for withholding of removal, an alien must show that his life or freedom would be threatened in the proposed country of removal on account of a protected ground. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). To qualify for

9

CAT relief, an alien must demonstrate that it is more likely than not that he would be tortured if he is removed to the designated country of removal. 8 C.F.R. § 208.16(c)(2). Because the standards for withholding of removal and CAT relief are higher than the standard for asylum, an applicant who is unable to establish eligibility for asylum generally will not be eligible for withholding of removal or CAT relief. *Sepulveda.,* 401 F.3d at 1232-33; *Al Najjar*, 257 F.3d at 1303.

In this case, because Yep was unable to satisfy the standard for asylum, the BIA correctly concluded that he was unable to satisfy the higher standard for withholding of removal. *See Sepulveda,* 401 F.3d at 1232-33; *Al Najjar*, 257 F.3d at 1303. It appears that the BIA erred when it concluded that Yep waived his claim for CAT relief by not offering any "cogent arguments" with respect to that issue. In his appeal brief to the BIA, Yep asserted that the IJ erred by denying his claim for CAT relief, and he pointed to statements in the 2007 Country Report that some practitioners of Falun Gong have been tortured while in custody. Nevertheless, because Yep failed to meet the standard for asylum, his claim for CAT relief fails as a matter of law. *See Al Najjar*, 257 F.3d at 1303. Therefore, it is unnecessary to remand Yep's claim for CAT relief for further proceedings. *See Calle*, 504 F.3d at 1330.

Accordingly, we deny the petition for review.

**PETITION DENIED.**