[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13935
Non-Argument Calendar
_____

Agency No. A088-069-813


SARVAR ANVAROVICH LATIPOV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 2, 2014)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Sarvar Latipov, a native and citizen of Uzbekistan, petitions for review of the Board of Immigration Appeals's ("BIA") order denying his motion to reconsider its decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").  After review, we affirm.[1]

## I.  BACKGROUND FACTS

Latipov's underlying persecution claims were based on alleged retaliation by corrupt police officers and government officials in Uzbekistan for Latipov's refusal to pay them protection bribes so he could operate his import-export business. According to Latipov, his import-export business was in direct competition with companies protected by those government officials.  The government officials tried to coerce Latipov into paying for protection by threatening him, interrogating him for hours, beating him, and filing false criminal charges against him.

The IJ and the BIA denied Latipov's claims because, <u>inter alia</u>, Latipov failed to meet his burden to show that "one central reason" for the harm he experienced or feared in Uzbekistan was retaliation for an actual or imputed opposition to state corruption, as required by <u>Matter of N-M-</u>, 25 I. & N. Dec. 526

---

[1]"We review the BIA's denial of a motion to reconsider for abuse of discretion." <u>Calle v. U.S. Att'y Gen.</u>, 504 F.3d 1324, 1328 (11th Cir. 2007).

(BIA 2011). [2] The BIA explained that Latipov had testified that he was targeted "as a means to persuade him to pay the protection bribes, not as retaliation for a perceived expression of an anticorruption political opinion." Citing Matter of N-M-, the BIA concluded that Latipov had not shown that these state officials perceived him as a political threat as opposed to a threat to their own personal scheme. The BIA denied Latipov's subsequent motion to reconsider because he merely disagreed with, but did not point to a legal or factual defect in, its prior decision.

## II. DISCUSSION

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); see also 8 C.F.R. § 1003.2(b)(1). A motion to reconsider that merely reiterates arguments that the BIA previously rejected provides no reason for the BIA to change its decision, and "does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Calle v. U.S. Att'y

---

[2] In Matter of N-M-, the BIA concluded that, in some circumstances, opposition to official corruption can constitute political opinion or imputed political opinion, but that, after the REAL ID Act, the alien must show that the actual or imputed political opinion "was 'one central reason' for the persecution." 25 I. & N. Dec. at 528-32 (quoting Immigration and Nationality Act § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i)). The BIA provided three factors for immigration judges to consider in determining the alleged persecutor's motive, including: (1) "whether and to what extent the alien engaged in activities that could be perceived as expressions of anticorruption beliefs"; (2) "any direct or circumstantial evidence that the alleged persecutor was motivated by the alien's perceived or actual anticorruption beliefs"; and (3) "evidence regarding the pervasiveness of government corruption, as well as whether there are direct ties between the corrupt elements and higher level officials." Id. at 532-33.

Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quoting 8 C.F.R. § 1003.2(b)(1)) (alteration in original).

Here, the BIA did not abuse its discretion in denying Latipov's motion to reconsider. Latipov's motion simply reiterated his previous argument that his refusal to the pay bribes to the government officials could be perceived as a political belief and that he was persecuted, and feared future persecution, because of that belief. The BIA had already rejected this argument, concluding that Latipov was targeted in an attempt to extort protection money, not in retaliation for any real or perceived anticorruption political opinion. Latipov's reconsideration motion merely disagreed with the BIA's conclusion, which is insufficient. Also, contrary to Latipov's contention, the BIA explicitly considered the factors in Matter of N-M- in determining that Latipov's anticorruption political opinion was not "one central reason" for the alleged harm or threatened harm.

Latipov also argues that his evidence showed that government corruption was rampant in Uzbekistan. The BIA did not quarrel with this fact, however, and even adopted the IJ's finding that Latipov was credible except to the extent he claimed he had been beaten. Latipov was required to show more than widespread corruption in Uzbekistan; he had to show that his past persecution and fear of future persecution stemmed from his political opinion opposing that corruption.

4

The BIA concluded that Latipov did not make that showing, and Latipov's motion to reconsider did not specify errors of fact or law as to that conclusion.

**AFFIRMED.**