[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11308

Non-Argument Calendar

_____

KAMALJIT SINGH,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-191-657

_____

Before ROSENBAUM, GRANT, and EDMONDSON, Circuit Judges.


PER CURIAM:


Kamaljit Singh ("Petitioner"), a native and citizen of India, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the August 2019 decision of the Immigration Judge ("IJ"). In its August 2019 decision, the IJ denied Petitioner's motion to reconsider the IJ's September 2018 decision denying Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we dismiss the petition in part and deny the petition in part.

In 2015, Petitioner entered the United States without a valid entry document and was later charged as being subject to removal. Petitioner conceded removability. Petitioner then applied for asylum, withholding of removal, and CAT relief. In his application, Petitioner asserted that he had been subject to past persecution on

account of his religion, political opinion, and his membership in a particular social group.

In September 2018, an IJ denied Petitioner's applications for relief and ordered Petitioner removed to India. The IJ first found Petitioner not credible. In the alternative -- assuming *arguendo* that Petitioner was credible -- the IJ also denied Petitioner's claims on the merits. Among other things, the IJ determined that the mistreatment Petitioner purportedly suffered in the past did not rise to the level of persecution. The IJ also found that Petitioner could avoid harm by relocating within India and, thus, could show no well-founded fear of future persecution. Petitioner did not appeal the IJ's September 2018 decision to the BIA.

On 28 January 2019, Petitioner -- through his lawyer -- moved for reconsideration of the IJ's September 2018 decision. Petitioner first disputed the IJ's adverse-credibility finding, asserting that the inconsistencies between his in-court testimony and his asylum interview could be attributed to apprehension and distrust of asylum officials. Petitioner also challenged the IJ's determinations that Petitioner suffered no past persecution and that Petitioner could relocate reasonably within India. In making these arguments

4                    Opinion of the Court                    21-11308

(arguments that consisted of a single paragraph), Petitioner cited no legal authority and made only conclusory assertions that the harm Petitioner suffered constituted past persecution. About evidence for no safety anywhere in India, Petitioner "himself stated that his persecutors would find him if he moved to another part of India."

On 20 August 2019, an IJ denied Petitioner's motion for reconsideration. The IJ noted that Petitioner's motion could be denied properly as untimely or based solely upon Petitioner's failure to cite legal authority for his claims. The IJ also rejected each of Petitioner's arguments on the merits.

Petitioner appealed to the BIA. The BIA affirmed the IJ's denial of reconsideration. The BIA first clarified that it was reviewing only the August 2019 denial of Petitioner's motion for reconsideration: not the September 2018 denial of Petitioner's applications for relief. The BIA determined that Petitioner's reconsideration motion failed to allege or specify an error in the IJ's decision and, instead, "essentially renew[ed] the arguments made . . . that were previously considered and rejected by the Immigration Judge." The BIA saw no legal or factual error or other overlooked

argument that might have warranted reconsideration of the IJ's September 2018 decision. The BIA, thus, dismissed Petitioner's appeal. Petitioner then filed this petition for review.

In this appeal, Petitioner argues chiefly (as he did in his brief to the BIA) that the IJ erred in denying Petitioner's applications for asylum and withholding of removal. Petitioner, however, never appealed the IJ's September 2018 decision denying his applications for relief. In the order at issue in this appeal, the BIA made clear that the IJ's September 2018 denial of relief was outside the scope of the BIA's review. Because Petitioner failed to exhaust his administrative remedies with respect to the IJ's September 2018 decision, we lack jurisdiction to consider that decision on appeal. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We have jurisdiction to review only the BIA's decision affirming the IJ's August 2019 denial of Petitioner's motion for reconsideration.

We review the denial of a motion for reconsideration under an abuse-of-discretion standard. *See Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration must specify errors of law or fact in the previous decision and must

be supported by pertinent authority.  8 U.S.C. § 1229a(c)(6)(C).  A motion that "merely reiterat[es] arguments previously presented to the [agency] does not constitute 'specifying errors of fact or law' as required for a successful motion to reconsider."  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (alteration omitted).

In his appellate brief, Petitioner raises no substantive argument challenging the denial of his motion for reconsideration.  Petitioner cites to no pertinent legal authority addressing reconsideration motions.  Nor does Petitioner argue that the BIA or the IJ erred in denying reconsideration.  Instead, Petitioner's arguments relate solely to Petitioner's purported eligibility for asylum and for withholding of removal.  When -- as in this case -- "an appellant fails to offer arguments on an issue, that issue is abandoned."  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

In any event, the BIA abused no discretion in affirming the denial of Petitioner's motion for reconsideration.  In that motion, Petitioner made only conclusory arguments in support of his applications for relief: arguments that had already been presented to and

21-11308          Opinion of the Court          7

rejected by the IJ.  Petitioner's restating of his earlier arguments --
without citation to legal authority and without identifying an error
of fact or law in the challenged decision -- was insufficient to war-
rant reconsideration.  *See Calle*, 504 F.3d at 1329.

PETITION  DISMISSED  IN  PART  AND  DENIED  IN
PART.