[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

No. 10-15428
Non-Argument Calendar
_____

Agency No. A074-029-396


YOSMAIKEL SANCHEZ-VALLADARES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 17, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Yosmaikel Sanchez-Valladares ("Sanchez"), a native and citizen of Cuba, petitions this Court for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to reconsider the BIA's dismissal as untimely of his appeal from the Immigration Judge's ("IJ") denial of his motion to reopen the removal proceedings. We deny the petition.

I.

Sanchez was paroled into the United States in June 1995. In May 1997, his status was adjusted to that of a lawful permanent resident, which was deemed retroactive back to June 1995.

In July 2000, Sanchez was indicted for, inter alia, conspiracy to steal a vehicle moving an interstate shipment. In January 2001, he was convicted of that charge and sentenced to ten months' imprisonment.

Upon Sanchez's release from prison, the Department of Homeland Security served him with a notice to appear, charging him as removable for committing a crime of moral turpitude within five years of his admission into the United States. See Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i). Sanchez did not contest the charge or seek relief from removal, and the IJ ordered him removed in December 2001.

Over seven years later, in April 2009, Sanchez filed a motion to reopen the removal proceedings. He argued that he was not removable because, while he was convicted of a crime of moral turpitude, that conviction did not occur within five years of the date of his admission, which he considered to be June 1995. He therefore requested the IJ to reopen the proceedings so that he could apply for cancellation of removal.

In a written decision issued on July 17, 2009, the IJ denied Sanchez's motion. The IJ found that Sanchez's date of admission was May 1997, not June 1995, and this date was within five years of the date of his 2001 conviction. Alternatively, the IJ found that Sanchez's motion to reopen was untimely because it was filed more than seven years after the final order of removal, which far exceeded the 90-day filing deadline. See 8 C.F.R. § 1003.23(b)(1). Significantly, the IJ's decision included a certificate of service reflecting that the decision was mailed to Sanchez's attorney three days later. The record also contains a cover letter, issued that same day by the Clerk of Immigration Court, indicating that the IJ's decision was mailed to Sanchez's attorney at the correct address.

On March 31, 2010, Sanchez, seemingly unaware of the IJ's decision, filed a motion with the IJ requesting a decision on his motion to reopen. In response,

3

the Clerk of Immigration Court mailed Sanchez a copy of the IJ's decision to the same address to which the decision was originally sent.

On May 3, 2010, Sanchez filed a notice of appeal in the BIA from the IJ's denial of his motion to reopen. Sanchez proceeded under the assumption that the IJ's decision was issued on March 31, 2010, not July 17, 2009.

The BIA dismissed Sanchez's appeal as untimely. The BIA noted that, although Sanchez claimed to be appealing a decision issued on March 31, 2010, the IJ's decision was issued on July 17, 2009, and was mailed to Sanchez three days later. Thus, the BIA concluded that Sanchez's appeal well exceeded the 30-day filing deadline. See 8 C.F.R. § 1003.38(b).

Sanchez then filed the instant motion for reconsideration, arguing that he did not receive the IJ's decision until March 31, 2010, and therefore his notice of appeal, filed on May 3, 2010, was timely. The BIA denied Sanchez's motion for reconsideration, finding that he failed to identify any error in the BIA's decision. The BIA emphasized that Sanchez failed to timely appeal from the IJ's July 17 decision, and the IJ properly mailed Sanchez that decision. Sanchez now petitions this Court for review of the BIA's decision.

II.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007) (citation omitted). Our review is thus "limited to deciding whether the BIA exercised its discretion in an arbitrary or capricious manner." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). An alien may request that the BIA reconsider a prior decision, but that motion must specify the errors of law or fact in the BIA's previous order and must be supported by pertinent authority. INA § 240(c)(6), 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)

### III.

In this case, the BIA did not abuse its discretion in denying Sanchez's motion for reconsideration, for it correctly dismissed as untimely Sanchez's appeal from the IJ's denial of his motion to reopen. The IJ issued its decision on July 17, 2009, and mailed that decision to Sanchez three days later. Thus, Sanchez had 30 days from that date to file his appeal, but he did not do so until May 2010. Sanchez asserts that he did not receive the IJ's decision until it was forwarded to him by the Clerk on March 31, 2010. But there is nothing in the record to support that contention. To the contrary, the record reflects that the Clerk mailed the IJ's decision to Sanchez's attorney at the proper address three days after the decision issued. Indeed, the Clerk mailed the decision to the very same address where the

5

copy was successfully received by Sanchez's attorney on March 31. Moreover, even if Sanchez, through no fault of his own, did not receive the decision until March 31, the proper course of action would have been to seek re-issuance of the decision by the IJ, presumably by submitting an affidavit or some other evidence indicating a lack of receipt. In the absence of such evidence or re-issuance of the IJ's decision, we cannot say that the BIA abused its discretion in denying Sanchez's motion for reconsideration.[1] Accordingly, we deny the petition.

**PETITION DENIED.**

---

[1] We also note that at no point has Sanchez explained why he waited over seven years to file his motion to reopen the removal proceedings. Indeed, we see no reason why his argument—that his conviction occurred more than five years after the date of his admission—could not have been raised during the removal proceedings. Thus, the IJ's determination that his motion to reopen was untimely would have likely been unassailable even if he had timely appealed that decision to the BIA.