[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14609
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2011
JOHN LEY
CLERK

Agency No. A088-690-870


JUAN CARLOS MEDINA RAMIREZ,
YENNI CRISTINA ACOSTA GUZMAN,
JUAN DAVID MEDINA ACOSTA,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 23, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos Medina Ramirez, the lead respondent, his wife, Yenni Cristina Acosta Guzman, and their son, Jaun David Medina Acosta, petition for review of the order of the Board of Immigration Appeals ("BIA"), denying Medina Ramirez's motion to reconsider its previous decision affirming the immigration judge's ("IJ's") final removal order and denying petitioner's claims for asylum under Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c).

I

On petition for review, Medina Ramirez argues that both the IJ and the BIA erred when they concluded that he had not established past persecution on account of a protected ground or a well-founded fear of future persecution.

We review our subject matter jurisdiction *de novo*. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1) and (b)(1). We have held that "the period for filing a petition for review is "mandatory and jurisdictional" and, thus, "not subject to

2

equitable tolling." *Dakane v. U.S. Attorney Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citation omitted). Moreover, the filing of a motion for reconsideration does not affect the finality of a removal order and does not toll the 30-day period for petitioning for review of such an order. *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350-51 (11th Cir. 2005).

Because Medina Ramirez did not file his petition for review within 30 days of the BIA's December 4, 2009, removal order, we lack jurisdiction to review that original order. *See* 8 U.S.C. § 1252(b)(1). Accordingly, we dismiss Medina Ramirez's petition for review to the extent that it seek review of the BIA's underlying removal order.

II

With regard to his motion for reconsideration, Medina Ramirez contends on appeal that the BIA's denial of that motion was not consistent with its duty to render a reasoned and independent judgment. However, Medina Ramirez devotes the remainder of his brief to arguing that (1) the BIA did not properly scrutinize the IJ's decision before affirming it and (2) that both the IJ and the BIA erred when they concluded that he had not established past persecution on account of a protected ground or a well-founded fear of future persecution.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). Appellate review of the denial of discretionary relief is limited to determining whether the BIA exercised its administrative discretion and whether the exercise of discretion was "arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (motion to reopen). A motion to reconsider shall specify "the errors of fact or law" in the previous order and "shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. *See Calle*, 504 F.3d at 1329. Thus, an applicant does not specify errors of fact or law, as required by the regulation, where he merely reiterates previously rejected arguments. *Id.*

Although the petition for review was timely with respect to the BIA's September 9, 2010, order denying Medina Ramirez's motion for reconsideration, Medina Ramirez waived any claims as to that reconsideration order because he failed to argue on petition for review that the BIA abused its discretion when it denied his motion. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues not argued on appeal are deemed waived). Moreover, because Medina Ramirez merely reiterated previously rejected

4

arguments in his motion for reconsideration, the BIA did not abuse its discretion when it denied his motion for reconsideration. *See Calle*, 504 F.3d at 1329. Accordingly, we deny Medina Ramirez's petition to the extent that it seeks review of the BIA's order denying his motion for reconsideration.

**PETITION DISMISSED IN PART, DENIED IN PART.**