[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10196
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2011
JOHN LEY
CLERK

Agency No. A097-636-926


MARIA LONIGRO BORNEO,
RICARDO HERNANDEZ HORVATH,
RICARDO M. HERNANDEZ LONIGRO,
MARIAN HERNANDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 10, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Lonigro Borneo, along with her husband and two children, petitions for review of the Board of Immigration Appeals's ("BIA") final order denying her motion for reconsideration of the BIA's earlier order affirming the immigration judge's ("IJ") denial of her application for withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. § 1231(b)(3)(A). See 8 C.F.R. § 208.16(c). Borneo argues that the BIA erred in denying her motion to reconsider because the harassing incidents she suffered in her home country of Venezuela rose to the level of persecution and occurred on account of a protected ground. She also argues that the record compels a conclusion that she would likely be persecuted and tortured upon return to Venezuela.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). A motion for reconsideration "shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." Id. at 1329 (quoting 8 C.F.R. § 1003.2(b)(1)). However, a "motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Id. Accordingly, "merely reiterating arguments previously presented to the BIA does not constitute

2

'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)).

To the extent Borneo seeks to challenge the BIA's initial order affirming the IJ's denial of withholding of removal and CAT protection, we lack jurisdiction to review her claims, as she had not filed a petition for review of the BIA's original decision. See 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal.").

As to the BIA's denial of reconsideration, we discern no abuse of discretion. In her motion to reconsider, Borneo did not specify any errors of fact or law that occurred in the BIA's original order dismissing her appeal. Rather, Borneo raised essentially the same arguments as she did in her initial appeal of the IJ's decision, namely that the BIA had failed to cumulatively consider incidents of harassment that she faced in Venezuela. Restating the same arguments gave the BIA no reason to change its mind on reconsideration, and failure to specify errors of fact or law in the initial order will preclude a successful motion to reconsider. See Calle, 504 F.3d at 1329. Accordingly, there was no abuse of discretion, and we deny Borneo's petition for review.

**PETITION DENIED.**

3