[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13234
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2012
JOHN LEY
CLERK

Agency No. A077-772-284

FEN MEI CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 19, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Fen Mei Chen seeks review of the Board of Immigration Appeals' (BIA) refusal to reconsider its earlier denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). Chen argues that: (1) she adequately identified factual and legal errors in the BIA's 2010 ruling; (2) the BIA's reasoning was inadequate; and (3) the BIA also overlooked current conditions in China.

I.

Chen, a native and citizen of China, attempted to enter the United States in 1999. After she was charged with removability, she applied for asylum, withholding of removal, and CAT relief based on political opinion. She asserted that her mother had been forcibly sterilized in 1982 after having her third child, and that after she wrote an article about it, authorities expelled her from school and police repeatedly came to her parents' home looking for her. She later asserted that she also feared persecution because she was expecting a second child, and would be forcibly sterilized if returned to China.

Following a hearing, an Immigration Judge (IJ) denied relief. Chen appealed to the BIA, which denied her appeal in 2010, concluding that she had not demonstrated past persecution or a well-founded fear of future persecution based on China's coercive population-control policies. The BIA also concluded that

2

Chen failed to establish asylum eligibility based on the births of her two U.S. citizen children because she had not shown that China enforced family-planning policies against citizens with foreign-born children. Because she did not qualify for asylum, the BIA found that she also failed to qualify for withholding of removal or CAT relief.

Chen did not file a petition for review following this decision but moved for reconsideration. In 2011, the BIA denied Chen's motion for reconsideration, finding that she had not identified any error of fact or law and that she merely disagreed with its 2010 decision. Accordingly, the BIA dismissed the appeal, and Chen filed the present timely petition for review.[1]

## II.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Motions for reconsideration are disfavored, especially in a removal proceeding, "where . . . every delay works to the advantage of the deportable alien who wishes

---

[1] Chen has abandoned any challenge to the BIA's denial of withholding of removal and CAT relief, as well as any challenge regarding her credibility. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-50 (11th Cir. 2006); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). In addition, we do not have jurisdiction to consider the merits of the BIA's 2010 denial of relief from removal because the instant petition for review pertains only to the denial of Chen's motion for reconsideration. 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

3

merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992).

Generally, only one motion to reconsider is allowed and must be filed within 30 days of the entry of the removal order. 8 U.S.C. § 1229a(c)(6)(A), (B); 8 C.F.R. §§ 103.5(a)(1)(i), 1003.2(b)(2), & 1003.23(b)(1). In the motion, the alien must "specify the errors of law or fact in the previous order" and must support the motion with "pertinent authority." 8 U.S.C. § 1229a(c)(6)(A) & (C); *see also* 8 C.F.R. § 1003.2(b)(1). "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation, alteration, and citation omitted). Consequently, merely reiterating arguments previously made to the BIA does not "specify" errors of fact or law, as required for a successful motion to reconsider. *Id.* (citing 8 C.F.R. § 1003.2(b)(1)).

Although Chen contends that the BIA's reasoning was inadequate, the BIA did not abuse its discretion by denying her motion to reconsider. As the BIA found, Chen failed to specify any errors of fact or law in the BIA's 2010 ruling, and she merely disagreed with the outcome. *See Huang v. U.S. Atty. Gen.*, 429 F.3d 1002, 1007 (11th Cir. 2005). The BIA was not required to mechanically list every piece of evidence in its decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948

4

(11th Cir. 2010).  Moreover, we have the complete record which the BIA considered, which "provid[es] us with what we need to review whether the BIA's decision was supported."  *Id.*

All of Chen's substantive contentions lack merit.  First, Chen did not assert a valid error of fact by arguing that the BIA failed to consider current country conditions in China.  The BIA noted that Chen had not demonstrated that the Chinese government would still pursue her more than a decade after she left the country, and similarly did not show that China's current family-planning program enforcement led to her having a well-founded fear of persecution.  Second, Chen's contention that the BIA concluded that the only persecution was her expulsion from school does not constitute an error of fact or law because the BIA did *not* determine that the loss of her educational opportunity was persecution.  Third, the BIA properly analyzed Chen's application under precedent established after her original asylum application.  Finally, Chen's contention that the BIA failed to consider her two U.S. citizen children did not specify any error because the record shows that the BIA explicitly considered that fact.

**PETITION DENIED.**