[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13397
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

Agency No. A088-094-603

HUMBERTO PRIN GARCIA MOLINA,
JULIETA ANTONIA MILAGROS SANTANDER PALERMO,

                                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 21, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Humberto Prin Garcia-Molina and his wife Julieta Santander Palermo (together, "Garcia-Molina") seek review of the Board of Immigration Appeals' ("BIA") final order denying reconsideration of its earlier order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). Garcia-Molina previously appealed the merits of his application, but we dismissed that appeal for want of prosecution. Thus, the instant petition for review pertains only to the BIA's denial of Garcia-Molina's 2011 motion for reconsideration.

Garcia-Molina argues that the BIA erred by: (1) relying on factually distinct cases and disregarding pertinent recent case law, (2) failing to consider the 2007 beating or the cumulative impact of the evidence, (3) speculatively concluding that opponents of Venezuelan President Hugo Chavez's government would necessarily experience property damage, and (4) determining that he lacked a subjective fear of persecution because he came out of hiding to fix a plumbing problem.

## I.

Garcia-Molina, a native citizen of Venezuela, entered the United States in

2007.  He later filed a formal application for asylum, withholding of removal, and CAT protection, based on political opinion and membership in a particular social group.  The application, which listed his wife Julieta as a derivative applicant, asserted that he was a leader of the Democratic Action Party, and, as an anti-communist, he had denounced the Venezuelan government, which led to him receiving death threats from government supporters and the political police.

An IJ issued an oral decision which denied all forms of relief.  The IJ determined that Garcia-Molina had not suffered past persecution.  There had been only one incident of physical harm, where he only suffered bruises, and the many phone calls did not amount to psychological harm because Garcia-Molina testified that they were not threatening and that eventually freedom of speech would allow him to continue his political activities safely.  Because he had not shown past persecution, the IJ concluded that there was not a rebuttable presumption of future persecution, and the record did not support a conclusion that he had a well-founded fear of future persecution if returned to Venezuela.  The IJ ordered Garcia-Molina removed to Venezuela.

Garcia-Molina appealed, but the BIA dismissed his appeal in December 2010, concluding that he had not established eligibility for any form of relief.  The agency agreed with the IJ's conclusion that Garcia-Molina had not shown past

3

persecution in Venezuela on account of a protected ground. The BIA also determined that the IJ correctly concluded Garcia-Molina did not have a well-founded fear of future persecution, and, even if he did subjectively fear returning to Venezuela, he failed to meet the objective component, in part because none of his businesses were ever targeted. Garcia-Molina timely filed a petition for review with this Court, but we dismissed it for want of prosecution.

In January 2011, Garcia-Molina moved the BIA to reconsider its affirmance of the IJ's decision denying asylum. He argued that the agency erred in finding that he had not suffered past persecution and did not have a well-founded fear of future persecution. He contended that the BIA also erred by failing to consider the cumulative impact of the persecutory incidents and by improperly speculating that a Chavez opponent would necessarily have been subjected to property damage.

The BIA denied Garcia-Molina's motion to reconsider in June 2011. It determined that Garcia-Molina had not specified errors of fact or law in its prior decision, as required for a motion to reconsider, or demonstrated that a different outcome was warranted in his case. Accordingly, the BIA dismissed the appeal, and Garcia-Molina timely filed the present petition for review.

II.

We review the BIA's denial of a motion for reconsideration for an abuse of

4

discretion.  See Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA need not mechanically list every piece of evidence in the record on its way to rendering a decision.  See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006) (observing that, although the IJ must consider all the evidence before him, he is not required to discuss every piece of evidence presented).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior BIA decision and shall be supported by pertinent authority.  However, a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (citation, quotations, and alteration omitted).  Such motions are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."  Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).

We conclude that with respect to Garcia-Molina's motion to reconsider, the BIA did not abuse its discretion by denying relief and concluding that he did not adequately identify errors of fact or law in its prior ruling.

We find no merit to Garcia-Molina's argument that the BIA erroneously relied upon factually distinct cases.  The BIA recognized that the facts of those

5

cases were not identical to Garcia-Molina's. Rather, the cases had factual similarities to those presented by this case, and they were relied upon merely as providing analogous support for the BIA's conclusions.

We similarly find no merit in Garcia-Molina's argument that the BIA failed to consider another case that was relevant; the facts of that case show that the petitioner was threatened by the same soldiers who had already killed the petitioner's brother, whereas Garcia-Molina said that the threats made to him were empty. See Diallo v. U.S. Att'y Gen., 596 F.3d 1329, 1333 (11th Cir. 2010).

Substantial evidence supports the BIA's determinations that (1) it had considered the alleged beating and the relevance of whether Garcia-Molina's property was damaged, (2) it had considered the cumulative effect of all the incidents that Garcia-Molina detailed, and (3) Garcia-Molina did not have a subjective fear of persecution. Accordingly, Garcia-Molina cannot show that the BIA abused its discretion by denying his motion for reconsideration.

**PETITION DENIED.**