[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10387
Non-Argument Calendar

_____

Agency No. A094-873-358


MARTHA ZULEMA BALBUENA CONSTANTINI,
MARTHA CELINDA BALBUENA,


                                                                      Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                      Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 10, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Martha Zulema Balbuena Constantini and her daughter, Mariana Celinda Balbuena, are both Venezuelan citizens.  On January 23, 2012, they filed a petition for review of the Board of Immigration Appeals' (BIA's) denial of their motion for reconsideration of its July 29, 2011, final order of removal affirming the Immigration Judge's (IJ's) order of removal.  The petitioners assert the BIA and IJ both erred in denying asylum, withholding of removal under the Immigration and Nationality Act, and withholding of removal under the United Nations Convention Against Torture because: (1) the BIA and IJ both made improper findings regarding credibility; (2) the BIA and IJ both improperly found the petitioners did not sufficiently corroborate their claims; (3) the IJ improperly found relief was barred by the doctrine of firm resettlement; and (4) the IJ improperly denied relief as a matter of discretion.

We review our subject-matter jurisdiction *de novo*.  *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).  Although we generally have jurisdiction to consider final orders of removal, a petitioner must file a petition for review no later than 30 days after the date of the final order of removal.  8 U.S.C. § 1252(a)(1), (b)(1).  This 30-day time limit is mandatory and jurisdictional, and is not subject to equitable tolling.  *Dakane v U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  Moreover, the filing of a motion to reconsider does not

2

suspend or toll the deadline for filing a petition for review of the BIA's final order of removal. *See id*.

We do not have jurisdiction over the petitioners' claims, which challenge the BIA's final order of removal, because they filed their petition for review more than 30 days after the date of the BIA's order. The petitioners have not presented any argument that the BIA abused its discretion by denying their motion for reconsideration, and they have, therefore, abandoned the issue. *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (reviewing BIA's denial of motion to reconsider for abuse of discretion); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating petitioner abandons any issue on which she fails to present argument on appeal). Accordingly, we dismiss the petition for review in part, and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**