[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12357
Non-Argument Calendar

_____

Agency No. A098-564-892


QIAO FU ZHENG,

                                                                                    Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

                                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 14, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.


PER CURIAM:

Qiao Fu Zheng, a native and citizen of China with the assistance of

counsel, petitions for review of the order of the Board of Immigration Appeals's ("BIA") denial of his motion for reconsideration. The BIA earlier had dismissed Zheng's appeal of the Immigration Judge's ("IJ") decision denying him asylum, withholding of removal, and relief under the U.N. Convention Against Torture ("CAT"). No reversible error has been shown; we deny the petition.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. Scheerer v. United States Att'y Gen., 513 F.3d 1244, 1252 (11th Cir. 2008). To the extent that the BIA's decision was based on a legal determination, our review is de novo. Id. "Judicial review of denials of discretionary relief incident to deportation proceedings . . . is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted) (addressing a motion to reopen).

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Calle v. United States Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation omitted). So, a motion to reconsider

2

that merely repeats arguments made to the BIA does not specify errors of fact or law as required for a successful motion to reconsider.  Id.

Zheng originally sought asylum based on political opinion based on his fear that, if forced to return to China, he would be imprisoned and his wife would be subject to another forced abortion or even sterilization, owing to the couple's opposition to the Chinese government's persecution of Falun Gong practitioners and the country's coercive family planning policies.  The IJ found that Zheng was not credible based on his conflicting statements about the reasons why he left China.  The BIA summarily affirmed the IJ's decision.

More than three years after the BIA's order, Zheng filed a motion to reopen his removal proceedings and for a stay of removal.  Zheng also filed an amended asylum application alleging that he would be subject to persecution based on religion as he had been introduced to Christianity while in immigration detention in the United States.

Zheng premised his motion to reopen on evidence intended to demonstrate changed country conditions, including an increase in human rights abuses committed against Christian groups in China.  His supporting evidence included the United States Department of State's 2008 Human Rights Report for China that detailed repression and harassment of unregistered religious groups intensified in

3

the run-up to the 2008 Beijing Summer Olympics.  Zheng also included a letter from his wife that described how both she and her daughter had been beaten and arrested while preaching the Gospel in Zheng's hometown located in Fujian Province.

The BIA denied Zheng's motion to reopen as untimely and also denied Zheng's request for a stay of removal.[*]  The BIA specifically highlighted that Zheng failed to meet the burden to reopen proceedings because his conversion to Christianity reflected a change in personal circumstances instead of a change in country conditions in China.  The BIA also highlighted that Zheng had not presented reliable evidence of a change in country conditions for practicing Christians in his hometown in Fujian Province.

In his present motion to reconsider, Zheng argued that the BIA ignored instances of intensified persecution and increased repression as evidence of changed conditions in China.  He alleged that the BIA engaged in "self-contradictory" reasoning.  He said the BIA acknowledged that religious repression and persecution persisted during 2008 and intensified in the run-up to and during

---

[*] The BIA initially denied Zheng's motion to reopen based on its assessment that the evidence failed to show changed country conditions.  The BIA provided no information on why the evidence was insufficient.  Upon the government's motion, we remanded the case to allow the agency to give reasoned consideration to the totality of the evidence submitted in support of Zheng's claim of changed country conditions.

the 2008 Beijing Summer Olympics, while at the same time concluding that, conditions on religious freedom remained the same and had not materially changed since the date of Zheng's last hearing in 2005.  Zheng also argued that the BIA erred by determining that his wife's statement was vague and lacked independent corroboration; and he contended that the BIA inappropriately considered the IJ's prior adverse-credibility finding against him to discount the legitimacy of his wife's statement.  The BIA denied reconsideration, concluding that it applied the correct legal standards, that it properly considered Zheng's claims, and that Zheng had failed to present material factual or legal aspects of the case that the agency previously overlooked.

On appeal, Zheng repeated his argument that the BIA failed adequately to provide an explanation for its contradictory conclusion that conditions had remained the same since the date of his last hearing in 2005, while at the same time describing that religious repression and persecution as intensified in the run-up to and during the 2008 Beijing Summer Olympics.  While the BIA's reasoning does appear convoluted, the BIA ultimately concluded that increased repression and persecution both before and during the 2008 Summer Olympics did not amount to a material change in the conditions on religious freedom in China since Zheng's last hearing in 2005.  See Jiang v. United States Att'y Gen., 568 F.3d

5

1252, 1256-57 (11th Cir. 2009) (noting that "[a]n alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case"). More important, Zheng fails to establish that the BIA committed either an error of law or fact in its analysis of the documentary evidence Zheng submitted to support his claim of changed conditions in China since his removal hearing in 2005. See INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).

Zheng also argues that the BIA applied an inappropriately stringent standard in evaluating the legitimacy of his wife's letter, in which she described the circumstances of her arrest in February 2009. The BIA appropriately questioned the veracity of the wife's unsworn statement because it was not supported by an arrest record, medical reports, or statements of other persons who were present during the alleged incident. See Li v. United States Att'y Gen., 488 F.3d 1371, 1373, 1375 (11th Cir. 2007) (concluding that sworn affidavits based on personal knowledge that the Chinese government forcefully sterilized children in an alien's village, supplemented by government reports, were sufficient to show changed country conditions). The BIA also did not err by considering Zheng's prior adverse-credibility determination in weighing the authenticity of his wife's letter,

6

as it did not solely base its decision on the credibility finding.  See  Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (explaining that an adverse-credibility determination does not alleviate the agency's duty to consider other evidence produced by an asylum applicant).  Here, the BIA also considered all the other evidence in the record -- including the many country reports Zheng submitted to prove changed country conditions on religious freedom in China -- and, coupled with Zheng's earlier lack of candor, we conclude that the BIA properly determined that Zheng's wife's statement did not possess sufficient evidentiary value to warrant reopening his removal proceedings.

The BIA abused no discretion in denying Zheng's motion to reconsider because Zheng failed to allege sufficient errors of fact or law to support his motion.

PETITION DENIED.