[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12440
Non-Argument Calendar
_____

Agency No. A300-320-912

JOSE CRISTOBAL AZUAJE-RENGEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 17, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Azuaje-Rengel, a native and citizen of Venezuela, petitions for review

of the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider

its dismissal of his appeal from the Immigration Judge's ("IJ") denial of his motion for a continuance of his removal proceedings to await the adjudication of an immediate relative I-130 petition filed on his behalf by his spouse.[1]  He also seeks review of the BIA's denial of his motion to reopen his removal proceedings.

We review the BIA's denial of a motion to reconsider for an abuse of discretion.  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).  A motion to reconsider must specify the errors of law or fact in the prior BIA decision and must be supported by pertinent authority.  Calle, 504 F.3d at 1329 (citing 8 C.F.R. § 1003.2(b)(1)).  A motion to reconsider that merely reiterates arguments previously presented to the BIA does not specify errors of fact or law as required for a successful motion to reconsider.  Id.

Azuaje-Rengel argues that the BIA abused its discretion in denying his motion to reconsider because the IJ granted him an unreasonably brief continuance and insufficient time to file documents supporting the *bona fides* of his marriage. Azuaje-Rengel's assertion that the 8-day continuance was unreasonably short was previously presented to the BIA in his brief on appeal, and, therefore, this assertion merely reiterated an argument already raised to the BIA.  See Calle, 504 F.3d at 1329.  Additionally, Azuaje-Rengel's argument that the IJ provided him only two days to file new supporting documentation finds no support in the record, as the IJ

---

[1] Azuaje-Rengel;s earlier I-130 petition was denied based on a marriage fraud finding.

instructed Azuaje-Rengel to file the same documents that had already been assembled and submitted with the I-130 petition. Accordingly, we cannot say that the BIA abused its discretion in denying Azuaje-Rengel's motion to reconsider.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). The BIA has the discretion to deny a motion to reopen for failing to introduce evidence that was material and previously unavailable. Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374-75 (11th Cir. 2007); see also 8 C.F.R. § 1003.2(c)(1) (stating that the BIA shall not grant a motion to reopen unless it appears that the evidence that the petitioner seeks to offer is material and was not available and could not have been discovered or presented at the former hearing). To show that evidence is material, the petitioner "bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256-57.

Azuaje-Rengel argues that the BIA abused its discretion in denying his motion to reopen because it "improperly" viewed the evidence he presented with the motion and incorrectly focused on the viability of the pending I-130 petition, instead of considering his *prima facie* eligibility for adjustment of status. However, the BIA based its denial of his motion on the ground that he had not met his burden of showing that, if the proceedings were opened, the new evidence

3

would likely change the result in the case.  Insofar as Azuaje-Rengel failed to present new evidence that would likely change the result in his case, he failed to show that his new evidence was material, which provided the BIA an independent reason to deny his motion to reopen.  See Jiang, 568 F.3d at 1256-57; 8 C.F.R. § 1003.2(c)(1).

**PETITION DENIED.**