[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10896
Non-Argument Calendar
_____

Agency No. A094-000-638


NAU VELAZQUEZ-MACEDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 26, 2013)

Before DUBINA, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Nau Velazquez-Macedo, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion for reconsideration of its decision affirming the Immigration Judge's ("IJ") order that Velazquez-Macedo was statutorily ineligible for cancellation of removal.  During his merits hearing, Velazquez-Macedo testified that he had sent his non-U.S. citizen son $3,000 to pay an alien smuggler to assist his son in entering the United States illegally.  The IJ concluded that Velazquez-Macedo was statutorily ineligible for cancellation of removal because he could not demonstrate good moral character, as his admission to sending his son money to pay a smuggler constituted alien smuggling, as defined at Immigration and Nationality Act ("INA") § 212(a)(6)(E), 8 U.S.C. § 1182(a)(6)(E).  The BIA affirmed and Velazquez-Macedo filed a motion to reconsider with the BIA, which the BIA denied.

On appeal, Velazquez-Macedo argues that the BIA abused its discretion in denying his motion for reconsideration because the BIA failed to interpret properly the good moral character provision of the INA.  He specifically argues that the statute precludes a finding of good moral character only if the alien is convicted of, or admits to committing, an alien smuggling offense, and that the IJ and BIA merely inferred that Velazquez-Macedo committed an alien smuggling offense. He further contends that the BIA erred in concluding that the family-unity waiver

2

to inadmissibility based on alien smuggling does not apply to cancellation of removal.

"We review the BIA's denial of a motion for reconsideration for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). A motion to reconsider shall specify "the errors of fact or law" in the previous order and "shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. *See Calle*, 504 F.3d at 1329.

We review questions of law *de novo*, including the BIA's statutory interpretations. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 (11th Cir. 2006). "It is well established that 'when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'" *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004).

For certain nonpermanent residents, the Attorney General may cancel the removal of an alien who is inadmissible or deportable from the United States if (1) the alien has been physically present in the United States for a continuous period of not less than ten years prior to the application; (2) he has been a person of good moral character for those ten years; (3) he has not been convicted of certain crimes;

3

and (4) the alien's removal would present an extreme hardship to the alien's spouse, parent, or child who is a U.S. citizen or lawful permanent resident.  INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

An alien shall not be regarded as one of good moral character if, during the period for which good moral character is required, the alien was "a member of one or more of the classes of persons, whether inadmissible or not, described in [INA § 212(a)(6)(E)] if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period."  INA § 101(f)(3), 8 U.S.C. § 1101(f)(3).  Section 212(a)(6)(E) of the INA provides for the inadmissibility of alien smugglers.  INA § 212(a)(6)(E), 8 U.S.C. § 1182(a)(6)(E).  Clause (i) of § 212(a)(6)(E) states that "[a]ny alien who at any time knowingly has <u>encouraged, induced, assisted, abetted, or aided</u> any other alien to enter or try to enter the United States in violation of law is inadmissible."  INA § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i) (emphasis added).

In certain circumstances, the rule in § 212(a)(6)(E)(i) may be waived by the family-unity waiver, which is set forth in INA § 212(d)(11).  That section contains the language:

> The Attorney General may, in his discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of clause (i) of subsection (a)(6)(E) in the case of any <u>alien lawfully admitted for permanent residence</u> who temporarily proceeded abroad voluntarily and not under an order of removal, and who is otherwise admissible to the United States as a

4

returning resident . . . and in the case of an alien <u>seeking admission</u> or <u>adjustment of status as an immediate relative</u> or [family-sponsored] immigrant . . . if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

INA § 212(d)(11), 8 U.S.C. § 1182(d)(11) (emphasis added).

The BIA did not abuse its discretion in denying Velazquez-Macedo's motion for reconsideration. *See Calle*, 504 F.3d at 1328. Velazquez-Macedo could have raised his argument that he was never convicted of or admitted to the offense of alien smuggling in his original appeal to the BIA, but he did not. In any event, contrary to his contentions, the IJ found that Velazquez-Macedo admitted during his merits hearing that he sent his son $3,000 in 2009, so that his son could pay a smuggler to bring him into the United States illegally, and that this admission fell within the purview of the alien smuggling provision of INA § 212(a)(6)(E).

Under the plain language of INA § 212(a)(6)(E)(i), such conduct amounts to having knowingly "encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law." INA § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i); *see also Lamie v. U.S. Trustee*, 540 U.S. at 534, 124 S.Ct. at 1030. Because Velazquez-Macedo's conduct, which he admitted at the merits hearing, qualifies as alien smuggling and occurred during the requisite time for establishing good moral character, Velazquez-Macedo is barred from showing that he had good moral character during the requisite time. *See* INA

5

§ 101(f)(3), 8 U.S.C. § 1101(f)(3).  Therefore, the BIA did not abuse its discretion in denying Velazquez-Macedo's motion for reconsideration because he is statutorily ineligible for cancellation of removal.  *See* INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

For Velazquez-Macedo's argument that the BIA erred in finding that he did not qualify for the family-unity waiver, his argument is unavailing.  First, Velazquez-Macedo merely restated the same argument he raised in his original appeal to the BIA, which the BIA had rejected; and therefore the BIA did not abuse its discretion in denying Velazquez-Macedo's motion to reconsider on this ground.  *See Calle*, 504 F.3d at 1329.  Moreover, the BIA did not commit legal error in concluding that the family-unity waiver did not apply to cancellation of removal: under the plain language of the statute, an alien is only eligible for the family-unity waiver if he is lawfully admitted for permanent residence or is seeking admission or adjustment of status as an immediate relative.  *See* INA § 212(d)(11), 8 U.S.C. § 1182(d)(11).  Velazquez-Macedo was not eligible for the waiver: he was not a lawful permanent resident, and he was not seeking admission

6

or adjustment of status as an immediate relative.  *See* INA § 212(d)(11), 8 U.S.C.

§ 1182(d)(11).[*]

As such, Velazquez-Macedo failed to specify any errors of law or fact

committed by the BIA in its original decision.  *See Calle*, 504 F.3d at 1328-29.

Therefore, the BIA did not abuse its discretion in denying his motion for

reconsideration, and we deny his petition for review.

**PETITION DENIED.**

---

[*] Velazquez-Macedo also argues that even if he is guilty of alien smuggling, he is not statutorily ineligible for cancellation of removal because alien smuggling is not a crime involving moral turpitude ("CIMT").  This argument is meritless because INA § 101(f)(3), 8 U.S.C. § 1101(f)(3), states that an alien cannot establish good moral character if he is an alien smuggler or has committed a CIMT (among other reasons).  In this case, Velazquez-Macedo was found to lack good moral character because of the alien smuggling exclusion, not the CIMT exclusion, and thus the CIMT exclusion is not at issue.