[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10243
Non-Argument Calendar
_____

Agency No. A024-437-582

RAIMUNDO DIAZ MARTINEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 30, 2013)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Raimundo Diaz Martinez seeks review of the Board of Immigration Appeals's ("BIA") denial of his motion to reopen his removal proceedings. In the initial proceedings, the Immigration Judge ("IJ") ordered Martinez removable based on his status as an aggravated felon and drug offender. Martinez conceded removability at a master hearing, but said that he intended to seek a waiver under a former statutory section (8 U.S.C. § 1182(c)), and to apply for deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). In February 2011, the IJ ruled that Martinez had abandoned his claims because he did not timely file an application for relief or for an extension of time, and the IJ ordered him removed to Cuba. Thereafter, Martinez filed a motion to reopen his removal proceedings, relying on new evidence that his medical and financial conditions prevented him from applying for relief on time. The IJ denied Martinez's motion on the basis that his medical and financial conditions were never raised at the initial hearing or prior to the deadline. On appeal, the BIA concluded that Martinez's evidence was not previously unavailable, dismissed the appeal, and denied his subsequent motion for reconsideration. In this appeal, Martinez argues that the BIA abused its discretion in denying his motion to reopen. After careful review, we deny the petition.

We review our subject matter jurisdiction de novo. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). We review the BIA's

denial of a motion to reconsider for abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). The BIA abuses its discretion when its decision is arbitrary or capricious. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). We review constitutional challenges de novo. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).

"Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings." Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1275 (11th Cir. 2009) (quotation omitted). To establish a due process violation, a petitioner must show that he was deprived of liberty without due process of law and that the purported errors caused him substantial prejudice. Id. Under the regulations, however, the IJ has authority to set and extend time limits for the filing of applications and related documents. Tang, 578 F.3d at 1276; 8 C.F.R. § 1003.31(c). If an application or document is not filed within the time set by the IJ, the opportunity to make that filing is deemed waived. Tang, 578 F.3d at 1276; 8 C.F.R. § 1003.31(c). There is no constitutionally protected liberty interest in the admission of evidence after the court-ordered deadline. Tang, 578 F.3d at 1276. As a result, the IJ's decision to exclude an untimely submission does not violate due process. Id.

3

A motion to reconsider must identify specific errors of fact or law in the BIA's prior decision.  8 C.F.R. § 1003.2(b)(1).  The motion must do more than simply repeat arguments already rejected by the BIA.  Calle, 504 F.3d at 1329.

In this case, because Martinez has not timely filed a petition for review from the underlying order of removal, we only have jurisdiction to review Martinez's arguments addressing the BIA's denial of his motion for reconsideration.  See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2004).  For starters, as for his arguments regarding his new medical and financial evidence as well as prior unpublished decisions of the BIA, Martinez previously raised these arguments in his appeal from the IJ's denial of his motion to reopen.  The BIA considered these arguments and rejected them.  Thus, these are not proper bases for Martinez to base his motion for reconsideration upon.  See Calle, 504 F.3d at 1329.  Although Martinez claims that the BIA failed to consider his affidavit and evidence in denying his motion to reopen, the BIA specifically discussed his evidence in its opinion.

Further, the BIA did not abuse its discretion in denying Martinez's motion for reconsideration.  As for Martinez's assertion that he was entitled to review by a three-member panel of the BIA, Martinez has not contested any factual determination and he conceded that his application for relief was untimely.  See 8 C.F.R. 1003.1(e)(6) (explaining that a case may only be assigned for review by a

three-member panel if there is a need to review a decision that is not in conformity with the law or to review a clearly erroneous factual determination).  Thus, because the IJ complied with the applicable precedent controlling deadlines and there is no factual determination that needs to be reviewed, the case was not proper for a three-member panel.  Finally, as for Martinez's due process claim, he had no constitutionally protected liberty interest in the untimely admission of his application for relief.  See Tang, 578 F.3d at 1276.  Accordingly, we deny Martinez's petition.

     **PETITION DENIED.**