[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10097
Non-Argument Calendar
_____

Agency No. A200-567-680

PIERRE JUDE RICHARD,
STEPHANIE RICHARD ABNER,
SASKYA LEILA RICHARD,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 12, 2015)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Pierre Jude Richard is a native and citizen of Haiti.  An Immigration Judge ("IJ") denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") because he found Richard's testimony in support of his application not credible.[1]  The IJ alternatively concluded, as to asylum and withholding of removal, that Richard did not meet the standards for relief because he failed to establish that he was persecuted on the basis of a protected characteristic or that he attempted to relocate within Haiti to avoid his alleged persecution, and further that Richard did not meet his burden as to CAT relief.

Richard appealed the IJ's decision to the Board of Immigration Appeals ("BIA") and challenged the adverse-credibility finding and the IJ's alternative reasons for denying him relief.  The BIA adopted the IJ's adverse-credibility finding and dismissed Richard's appeal, concluding that since Richard had not provided credible or other evidence that he suffered past persecution or torture, or that it was more likely than not that his life or freedom would be threatened if returned to Haiti, he was not eligible for relief.  The BIA expressly declined to review the IJ's alternative grounds for denying Richard relief.

---

[1]  Petitioner Stephania Richard Abner is Richard's wife.  She and their daughter, petitioner Saskya Leila Richard, are derivatives on Richard's application for asylum, withholding of removal and CAT relief.

Richard now petitions this Court to review the BIA's decision, arguing that the record compels the reversal of its adverse-credibility finding.[2]  We review that credibility finding, like other findings of fact, under "the highly deferential substantial evidence test."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2001) (en banc).  Under that standard, we "must affirm the [BIA's] decision if it is reasonable, substantial, and probative evidence on the record considered as a whole."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal quotation marks omitted).  In the review at hand, our task is to determine whether the record "compels" the reversal of the BIA's and IJ's adverse-credibility finding.  *Ruiz v. U.S. Att'y Gen.,* 440 F.3d 1247, 1255 (11th Cir. 2006).

An applicant for asylum must meet the Immigration and Nationality Act's [INA's] definition of a refugee.  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  The definition of "refugee" includes:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  Thus, in order to meet the definition of a refugee, the applicant must, "with specific and credible evidence,

---

[2]  "When the [BIA] issues a decision, [we] review only that decision."  *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).  Where, as here, the BIA explicitly agrees with particular findings of the IJ, we review both the BIA's and the IJ's conclusions regarding such findings.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (quotation marks omitted).

In order to support a claim for withholding of removal, an applicant must show that it is more likely than not that he would be persecuted or tortured on his return to the country in question. 8 C.F.R. § 208.16(b)(2). Similarly, to support a claim for CAT relief, an applicant must show that it is more likely than not that he will be tortured if returned to his home country. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004).

An applicant's testimony, if credible, may be sufficient to sustain his burden of proof, without corroborating evidence. *Ruiz*, 440 F.3d at 1255. Conversely, if the applicant relies solely on his testimony, an adverse-credibility finding may alone be sufficient to support the denial of an application. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse-credibility determination in those instances." *Id.* When the IJ makes an adverse-credibility finding, the applicant must demonstrate that the decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Ruiz*, 440 F.3d at 1255.

Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13 § 101, 119 Stat. 302, for applications filed after May 11, 2005, a credibility finding may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports.  INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).  Moreover, an adverse-credibility finding may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim.  *Id.*

Even one inconsistency and one omission may justify an adverse-credibility finding where the applicant did not provide corroborating evidence that would have rebutted the inconsistency and omission.  *See Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240-41 (11th Cir. 2012) (holding that an adverse-credibility finding was supported where the applicant's testimony "included at least on internal inconsistency (how old she was when she had the abortion) and one omission (identifying data on the abortion operations certificate)" and thus the record provided "ample support for the IJ's specifically stated finding that Xia's testimony regarding the critical events at issue was not credible").  However, minor perceived inconsistencies and omissions may be insufficient to support an

5

adverse-credibility finding.  *See Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1305-06 (11th Cir. 2009).  In *Kueviakoe*, we concluded that three perceived inconsistencies, including the use of the word "car" during testimony and the use of the word "truck" in the written statement, were insufficient to support an adverse credibility finding.  567 F.3d at 1305.  We noted that, in both the testimony and written application, the words were translated from French, which suggested that the applicant was not the person making the word choice.  *Id.*  Moreover, the pertinent information remained the same, as the applicant repeatedly asserted that he was dragged to a car and that ten other people were with him in the vehicle.  *Id.* Therefore, we determined that the record compelled the conclusion that this inconsistency was immaterial.  *Id.*  The other inconsistencies cited by the BIA were based on a misreading of the record and were therefore illusory.  *Id.* at 1306.

    In this case, the record compels reversal of the adverse-credibility finding. *See Ruiz*, 440 F.3d at 1255.  First, although the IJ noted that Richard provided no letter from the Haitian National Police stating he was the sole witness against gang leader Evans Jeune, Richard provided a news article that confirmed that fact. Second, the IJ relied on the fact that Richard's testimony omitted the names of certain family and associates of Jeune whom he said he feared in his asylum application; however, Richard generally described those persons at the hearing and was never asked their names.  Third, although Richard inconsistently testified that

6

an injury he suffered was to his knee and later to his foot, his application stated it was to his leg under his knee, and this inconsistency is insufficient in light of the record as a whole, which shows Richard testified consistently on other points and provided corroboration for many of the critical aspects of his claim, notably that he was the sole witness to testify against the captured gang leader.  Accordingly, we vacate the BIA's decision.

Because the BIA declined to reach Richard's alternative arguments concerning his eligibility for asylum, withholding of removal, and CAT relief, we remand to the BIA to consider in the first instance whether–when viewing Richard as a credible witness–the IJ's denial of relief was proper.  *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329-30 (11th Cir. 2007).

PETITION GRANTED; VACATED AND REMANDED.