[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12436
Non-Argument Calendar

_____

Agency No. A206-801-829

GLADIS ESMERALDA CHAVEZ-DE ARTICA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 13, 2020)

Before ED CARNES, Chief Judge, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gladis Chavez-De Artica, a citizen of El Salvador, applied for asylum and withholding of removal on the ground that she feared persecution because of her membership in a particular social group.  An immigration judge denied her application and the Board of Immigration Appeals dismissed her appeal.  The Board then denied her motion for reconsideration.  Chavez now petitions for review of the Board's order denying her motion for reconsideration.

## I.

Chavez entered the United States in July 2014.  The next day the Department of Homeland Security served Chavez with a notice to appear alleging that she had entered the country without being admitted or paroled and was therefore removable.  Chavez conceded that she was removable, but filed an application for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture.

The crux of Chavez's claim was that she feared persecution because of her membership in a particular social group — namely, her nuclear family consisting in part of herself and her oldest son.  At a hearing, she testified that she had fled El Salvador because the MS-13 street gang had tried to recruit her oldest son.  The gang told her son that they would harm her if he did not murder a woman for them.  The immigration judge found her testimony to be credible and acknowledged that a nuclear family "may be a cognizable social group."  He found, however, that there

was an insufficient nexus between her membership in the family and the persecution she faced or feared, so he denied her application.[1]

The Board dismissed Chavez's appeal, finding no clear error in the immigration judge's findings of fact and agreeing with his legal conclusions. Chavez then moved for reconsideration, contending that (1) the Board applied the wrong legal standard in assessing whether there was a nexus between her group membership and the alleged persecution, and (2) the Board erred by holding that the immigration judge did not commit clear error in finding there was no evidence of such a nexus. The Board denied Chavez's motion, and Chavez now petitions for review of that denial.

## II.

We review for abuse of discretion the Board's denial of a motion to reconsider. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). The Board abuses its discretion when it makes a decision that is arbitrary or capricious. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).

## III.

We first consider Chavez's contention that the Board applied the wrong legal standard to her asylum claim.

---

[1] The immigration judge also denied Chavez's Convention Against Torture claim, and the Board dismissed her appeal of that claim. Chavez's motion for reconsideration did not challenge the Board's decision in that respect.

An applicant for asylum must meet the statutory definition of a "refugee." See 8 U.S.C. § 1158(b)(1)(A). A "refugee" is a person who is "unable or unwilling to return to, and is unable or unwilling to avail [herself] of the protection of, [her country of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. § 1101(a)(42)(A). There must be a "nexus" between the applicant's group membership and the persecution she faced or fears. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007). To establish a nexus the applicant must show that her group membership "was or will be at least one central reason for persecuting" her. 8 U.S.C. § 1158(b)(1)(B)(i).

An applicant qualifies for withholding of removal if her "life or freedom would be threatened" in her home country because of her "race, religion, nationality, membership in a particular social group, or political opinion." Id. § 1231(b)(3)(A). The applicant must show it is "more likely than not" that her freedom or life would be threatened upon her return. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004). Generally, if an applicant is unable to meet the "well-founded fear" standard for asylum, she cannot meet the more stringent "more likely than not" standard for withholding of removal. Id.

The immigration judge denied Chavez's asylum and removal claims because he found there was no nexus between her membership in a particular social

4

group — her family — and the persecution she faced or feared.  The Board

dismissed her appeal of that ruling.  In its decision, the Board twice stated the

correct standard for assessing whether a nexus exists: that the applicant's group

membership "was or will be at least <u>one</u> central reason for persecuting" her.

8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added).  But at one point in its analysis the

Board said that "threatening the respondent as a member of her son's family was

not <u>the</u> central motive" of the gang.  (Emphasis added.)  In her motion for

reconsideration Chavez argued, based on that language, that the Board applied the

wrong legal standard: "the central motive" instead of "one central reason."  But the

Board denied her motion.

The Board did not abuse its discretion in doing so because its initial decision

did not apply the wrong legal standard.  The Board clearly and unambiguously

applied the correct legal standard in its holding:  "[T]he Immigration Judge did not

clearly err when he determined that the respondent had not shown that membership

in her nuclear family, or her familial relationship to her son, was or will be <u>at least</u>

<u>one central reason</u> for any harm upon return to El Salvador."  (Emphasis added.)

And later in its analysis the Board stated the correct standard again:  "[T]he

respondent's testimony does not support the conclusion that [her group

membership] was or will be <u>a central reason</u> for her being targeted."  (Emphasis

5

added.)  The Board's passing reference to "the central motive" of the gang was not a statement of the applicable legal standard but instead a description of the facts.

Chavez's second contention is that the Board should have reconsidered its erroneous decision that the immigration judge did not commit clear error in finding there was no evidence of a nexus between Chavez's group membership and the persecution she faced or fears.  We reject that contention.  Chavez's motion for reconsideration largely repeated the arguments that Chavez had already made to the Board on this issue, and "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation marks omitted) (alteration in original).

**PETITION DENIED.**