[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10366

Non-Argument Calendar

_____

SERGEI NIKOSHCHENKOV,

                                                    Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-187-895

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Sergei Nikoshchenkov seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its initial order dismissing his appeal of the Immigration Judge's ("IJ") denial of his application for deferral of removal. He argues that the BIA ignored relevant evidence in resolving that administrative appeal, improperly affirmed the IJ's refusal to issue a subpoena and grant him deferral of removal under the United Nations Convention Against Torture ("CAT"), and disregarded his application for withholding of removal. After thorough review, we deny the petition for review.[1]

We review only the decision of the BIA, except to the extent that the BIA expressly adopted or explicitly agreed with the opinion of the IJ. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We review the BIA's denial of a motion to reconsider for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1340–41 (11th Cir. 2003).

An alien may move to reconsider a decision that the alien is removable from the United States. 8 U.S.C. § 1229a(c)(6). The

---

[1] Our jurisdiction in this appeal is limited to reviewing the BIA order denying Nikoshchenkov's motion to reconsider. We lack jurisdiction over the BIA's initial order dismissing Nikoshchenkov's appeal, because he did not file a petition for review of that decision within 30 days. 8 U.S.C. § 1252(b)(1).

motion must be filed within 30 days of the entry of the final order of removal, and "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." *Id.* § 1229a(c)(6)(B), (C). A motion "that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quotations omitted). Accordingly, "merely reiterating arguments previously presented to the BIA does not constitute specifying errors of fact or law as required for a successful motion to reconsider." *Id.* (quotations and alterations omitted).

In reviewing an application for relief, the IJ and the BIA must consider all evidence submitted. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015). However, they "need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Id.* (quotations omitted).

Here, the BIA did not abuse its discretion in denying Nikoshchenkov's motion to reconsider its initial order dismissing his appeal of the IJ's denial of his application for deferral of removal. In its order denying reconsideration, the BIA noted that the IJ had considered Nikoshchenkov's testimony and arguments about his Russian conviction, but ultimately found that the evidence supported the legitimacy of the Russian proceedings, and that Nikoshchenkov did not establish that the charges were fabricated. Nikoshchenkov's motion for reconsideration generally restated the same arguments the BIA rejected in its initial decision, and he failed

to identify any specific errors of law or fact in the BIA's decision. *Calle*, 504 F.3d at 1329.  As for Nikoshchenkov's argument that the IJ and the BIA did not expressly discuss his photographic evidence, their omission did not mean they did not consider it, especially since they were not required to specifically discuss it.  *Indrawati*, 779 F.3d at 1302.  Thus, Nikoshchenkov appears to merely disagree with the IJ's weighing of the evidence, and the BIA did not abuse its discretion in denying his motion to reconsider its order.

Likewise, the BIA properly denied Nikoshchenkov's motion to reconsider its decision with respect to his motion for a subpoena, the IJ's disregard of his application for withholding of removal, and the IJ's denial of deferral of removal under CAT.  In the motion to reconsider, Nikoshchenkov did not point to any errors in the BIA's initial order, and, again, merely reiterated the same arguments that he presented to the BIA in his initial brief.  Because, as we've noted, the BIA already considered and rejected these arguments, Nikoshchenkov's motion did not specify errors of law or fact "as required for a successful motion to reconsider."  *Calle*, 504 F.3d at 1329.

Finally, Nikoshchenkov failed to establish that he was entitled to withholding of removal, since his aggravated felony conviction rendered him ineligible for that kind of relief. 8 C.F.R. § 208.16(d)(2).[2]  Accordingly, the BIA did not abuse its discretion in

---

[2] Notably, Nikoshchenkov did not challenge before the BIA the IJ's determination that his forgery conviction constituted an aggravated felony, or that he

22-10366                Opinion of the Court                      5

finding that Nikoshchenkov failed to sufficiently specify errors of law or fact in its initial order, and we deny the petition for review.

**PETITION DENIED.**

---

remained convicted of that offense, and does not now do so on appeal. Consequently, he failed to exhaust and abandoned any arguments in that respect. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).